NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5329-14T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAMES DENMAN,

      Defendant-Appellant.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **March 27, 2017** |
| **APPELLATE DIVISION** |

Argued December 1, 2016 — Decided  March 27, 2017

Before Judges Lihotz, Hoffman and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Union County, Accusation No. 15-03-0189.

Michael Noriega argued the cause for appellant (Bramnick, Rodriguez, Grabas, Arnold & Mangan, LLC, attorneys; Mr. Noriega, of counsel and on the briefs).

Diana-Marie Laventure, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Grace H. Park, Acting Union County Prosecutor, attorney; Ms. Laventure, of counsel and on the brief).

The opinion of the court was delivered by

HOFFMAN, J.A.D.

Defendant James Denman, a former Scotch Plains police officer, appeals from his conviction for third-degree attempted

misapplication of funds, N.J.S.A. 2C:21-15 and 2C:5-1. Defendant pled guilty to the charge pursuant to a plea agreement that called for him to receive a probationary term and forfeit his position as a police officer.[1] On May 22, 2015, the court sentenced defendant to a two-year term of probation and forfeiture of public office.

On appeal, defendant presents the following arguments challenging the May 18, 2015 Law Division order, which denied his appeal of the State's rejection of his PTI application:

> THE STATE'S DENIAL OF MR. DENMAN FROM PTI WAS A PATENT AND GROSS ABUSE OF DISCRETION ON MULTIPLE LEVELS AND REQUIRES THIS COURT TO REVERSE AND REMAND THIS MATTER WITH CLEAR INSTRUCTIONS TO THE PROSECUTOR'S OFFICE FOR RECONSIDERATION:
>
>> A) MR DENMAN DID NOT BREACH THE PUBLIC TRUST UNDER GUIDELINE 3(i)(4) AS THE OFFENSE DEALT WITH A PRIVATE ORGANIZATION AND WAS IN NO WAY CONNECTED TO MR DENMAN'S SEPARATE PUBLIC EMPLOYMENT.
>>
>> B) THE STATE'S UNFAIR RELIANCE ON IRRELEVANT AND INAPPROPRIATE FACTORS; SUCH AS MR. DENMAN'S OCCUPATION AS A POLICE OFFICER RESULTED IN AN UNJUST REJECTION FROM THE PTI PROGRAM AND MUST BE REVERSED.

---

[1] In addition, the agreement allowed defendant to appeal the order denying his motion to compel his admission into the pre-trial intervention (PTI) program over the prosecutor's objection.

C) NOT ONLY WAS THERE A PATENT AND GROSS ABUSE OF DISCRETION BY THE PROSECUTOR, BUT THE PROSECUTOR'S DECISION COMPLETELY SUBVERTS THE GOALS UNDERLYING THE PTI PROGRAM; WHERE A TRUE EVALUATION OF THE CRITERIA WOULD REVEAL THAT MR. DENMAN IS AN IDEAL CANDIDATE FOR THE PROGRAM.

Having reviewed the record in light of the applicable legal standards, we conclude both the prosecutor and the trial court mistakenly applied PTI Guideline 3(i). They rejected defendant's application because the charge of third-degree attempted misapplication of funds from the Police Athletic League (PAL) constituted a breach "of the public trust." This determination is erroneous. Therefore, we reverse the order denying his PTI appeal and remand for reconsideration of defendant's application by the prosecutor.

I.

We derive the following facts from the record. In December 2013, defendant faced a financial crisis. A fifty-year-old father of four children, defendant had one child in college with a tuition bill due. At the same time, defendant's ex-wife could not pay her share of the mortgage on the house where his three high-school-age children lived.

At that point, defendant made, as described in his brief, "the objectively poor choice of borrowing the money he needed

from the Police Athletic League of Scotch Plains." Defendant had been the treasurer of this non-profit organization for the previous ten years; therefore, he had access to all of PAL's banking information and accounts. Defendant contacted PAL's accountant and asked him if he could borrow money from PAL's bank account. The accountant advised defendant he needed to check the PAL by-laws regarding such a loan, and if permitted, the loan should bear five percent interest. The accountant further advised defendant he needed to get the approval from the other PAL board members and sign a promissory note for the loan.

On December 17, 2013, defendant wrote himself a check for $18,000 from the PAL checking account. Notwithstanding the accountant's advice, defendant failed to sign a promissory note or obtain the approval of the other board members. In the memo portion of the check, defendant wrote "loan at 5%." Defendant deposited the check into his personal bank account.

Approximately four months later, on April 24, 2014, defendant paid the loan in full, together with five percent interest, by issuing a check from his personal checking account to PAL for $18,440.[2] Before issuing the check, defendant called the accountant to determine the amount of interest he owed. On

---

[2] Defendant repaid the loan by borrowing money from his pension.

the memo portion of the repayment check, defendant wrote "repay + interest."

On May 30, 2014, over one month after defendant paid off the loan, the Union County Prosecutor's Office received an anonymous phone call reporting defendant stole $24,000 from PAL. Following this phone call, an investigation began, and defendant's unauthorized borrowing from the PAL account became known. Defendant was subsequently charged with misappropriation of entrusted funds.

Defendant applied for PTI. On March 10, 2015, the prosecutor rejected defendant's application. Although noting defendant had no prior criminal history and worked for fifteen years with the Scotch Plains Police Department, the prosecutor concluded the facts and circumstances of defendant's case warranted rejecting his application:

> Pursuant to PTI Guideline 3(i)(4), a defendant may be rejected from PTI for a crime that is "a breach of the public trust where the admission to a PTI program would deprecate the seriousness of defendant's crime." In the present matter, defendant, a police officer, was Treasurer of a nonprofit group that relies largely upon parental donations for its revenue — the Scotch Plains PAL. The PAL is an organization with a goal of uniting the local police and the local community through youth sports programs. Defendant, through his status as Treasurer of the PAL, embezzled $18,000 from the organization leaving it underfunded for a period of four months. The seriousness of

this offense coupled with defendant's occupation as a law enforcement officer whose job it is to uphold the law, far outweighs any positive rehabilitative factors that may be present in this matter. The public interest is best served by this offense being prosecuted, and not diverted.

Defendant appealed his PTI denial to the Law Division, arguing the judge should reject the position that his crime involved a breach of the public trust and overrule the prosecutor's decision. The judge declined, explaining:

The [c]ourt finds that the State could properly determine that the defendant breached the public trust based on his breach of his fiduciary duties as the Treasurer of the PAL. The PAL's purpose — that is, its whole reason for existence as described on its website Home Page — is a non-profit organization — a non-profit, police youth organization with a mission to reduce juvenile delinquency and promote positive interaction between law enforcement and its community.

After concluding defendant's conduct constituted "certainly a breach of public trust," and finding the State otherwise based its decision "upon a consideration of all relevant factors," the judge denied defendant's motion. This appeal followed.

II.

We first address our standard of review. "Issues concerning the propriety of the prosecutor's consideration of a particular [PTI] factor are akin to 'questions of law[.]'" State v. Maddocks, 80 N.J. 98, 104 (1979). "Consequently, on

6                                                              A-5329-14T1

such matters an appellate court is free to substitute its independent judgment for that of the trial court or the prosecutor should it deem either to have been in error." Id. at 105.

While we exercise de novo review over the propriety of considering a certain PTI factor, we afford prosecutors "broad discretion to determine if a defendant should be diverted." State v. K.S., 220 N.J. 190, 199 (2015) (citation omitted). This discretion arises out of the prosecutor's charging authority. Id. at 200. "Accordingly, to overturn a prosecutor's decision to exclude a defendant from the program, the defendant must 'clearly and convincingly' show that the decision was a 'patent and gross abuse of . . . discretion.'" Ibid. (alteration in original) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)).

We extend "enhanced" deference to the prosecutor's decision. State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Baynes, 148 N.J. 434, 443-44 (1997)). The court's "severely limited" scope of review is designed to address "only the 'most egregious examples of injustice and unfairness.'" Ibid. (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). Although we rarely overturn the rejection of a PTI application, the prosecutor's discretion is not unlimited. State v. Brooks,

175 <u>N.J.</u> 215, 225 (2002), <u>overruled in part by</u> <u>K.S.</u>, <u>supra</u>, 220 <u>N.J.</u> at 199.

The PTI statute requires prosecutors to consider a non-exclusive list of seventeen criteria. <u>N.J.S.A.</u> 2C:43-12(e). These criteria "include 'the details of the case, defendant's motives, age, past criminal record, standing in the community, and employment performance[.]'" <u>State v. Roseman</u>, 221 <u>N.J.</u> 611, 621 (2015) (alteration in original) (quoting <u>State v. Watkins</u>, 193 <u>N.J.</u> 507, 520 (2008)). In rendering the decision, the prosecutor must "make an individualized assessment of the defendant" and consider whether the defendant is amenable to rehabilitation. <u>Id.</u> at 621-22 (citing <u>Watkins</u>, <u>supra</u>, 193 <u>N.J.</u> at 520). The prosecutor may not weigh inappropriate factors or ignore appropriate factors. <u>K.S.</u>, <u>supra</u>, 220 <u>N.J.</u> at 200.

To meet the "gross and patent abuse of discretion" standard to justify supplanting the prosecutor's decision, a defendant must satisfy one of three factors and must also show the prosecutor's decision undermines the purposes of PTI:

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error of judgment. . . . In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial

error complained of will clearly subvert the
goals underlying Pretrial Intervention.

[Roseman, supra, 221 N.J. at 625 (alteration
in original) (quoting State v. Bender, 80
N.J. 84, 93 (1979)).]

However, when a defendant has not met this high standard,
but nonetheless has demonstrated an abuse of discretion, a
remand is appropriate.

When a reviewing court determines that the
"prosecutor's decision was arbitrary,
irrational, or otherwise an abuse of
discretion, but not a patent and gross
abuse" of discretion, the reviewing court
may remand to the prosecutor for further
consideration. Remand is the proper remedy
when, for example, the prosecutor considers
inappropriate factors, or fails to consider
relevant factors.

[K.S., supra, 220 N.J. at 200 (internal
citation omitted) (quoting State v. Dalglish,
86 N.J. 503, 509 (1981)).]

As the Court explained, this middle ground preserves the
exercise of the prosecutor's discretion, while assuring the
proper application of the PTI standards. Ibid.

### III.

Applying these principles, we examine defendant's argument
challenging the prosecutor's rejection of his PTI application.
The prosecutor relied on the presumptions set forth in the
Guidelines governing PTI. See Pressler and Verniero, Current
N.J. Court Rules, Guideline 3(i) on R. 3:28 (2017) (hereinafter

Guideline 3(i)). Guideline 3(i) applies a presumption against PTI eligibility for those defendants charged with crimes of violence, organized crime, breach of the public trust, or with some of the most serious drug-related offenses. A defendant charged with one of the crimes included in Guideline 3(i) faces a significant hurdle to PTI admission, which other applicants need not surmount.

In rejecting defendant, the prosecutor maintained defendant's unauthorized use of PAL's funds constituted a "breach of the public trust" because "defendant, a police officer, was Treasurer" of PAL, "an organization with a goal of uniting the local police and the local community through youth sports programs." The prosecutor further emphasized the criminal conduct occurred despite "defendant's occupation as a law enforcement officer whose job it is to uphold the law."

A breach of the public trust occurs when a governmental agency or officer, vested with the public trust, causes harm to the public by breaching its trust. See generally Bender, supra, 80 N.J. 84. Such a breach occurs when two elements are present: (1) the defendant serves as a public trustee at the time of the alleged offense, and (2) the defendant causes direct injury to the public at large in his or her role as a public trustee. Id. at 96. Therefore, a individual engaging in such conduct must

owe some sort of fiduciary duty directly to the public at large in order to breach the public trust under Guideline 3(i)(4).

Following our review, we conclude the trial judge erred in adopting the prosecutor's more expansive application of breach of the public trust to PAL. It is unrefuted defendant was a volunteer for PAL at the time of his alleged offense. The operating funds PAL received were primarily from fees collected from parents or caregivers whose children participate in its sponsored sporting events. As a non-profit organization, PAL also has the ability to fundraise. However, in this case, the record contains no evidence PAL received any funding from any public entities nor did the State assert any connection between public money and PAL. Without such a connection, we discern no basis for concluding defendant committed "a breach of the public trust" as contemplated by Guideline 3(i)(4).

Further, we reject the application of the breach of the public trust guideline because of defendant's employment. Defendant did not engage in unlawful conduct in his capacity as a police officer nor did his role as an officer facilitate the crime. The record does not support a conclusion a breach of the public trust occurred when defendant improperly borrowed funds from PAL. Accordingly, the mistaken application of Guideline 3(i)(4) to a defendant who was not charged with one of

A-5329-14T1

the included crimes constitutes a gross and patent abuse of the prosecutor's discretion. See Roseman, supra, 221 N.J. at 627; Bender, supra, 80 N.J. at 93.

The prosecutor and trial judge erroneously applied the presumption of PTI ineligibility to defendant's pending charge of third-degree attempted misapplication of funds from PAL, N.J.S.A. 2C:21-15 and 2C:5-1. The order rejecting defendant's PTI appeal is reversed, and the matter is remanded. The prosecutor must consider defendant's PTI application ab initio. See Roseman, supra, 221 N.J. at 629; Bender, supra, 80 N.J. at 97.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION