RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5084-15T3

STATE OF NEW JERSEY,

 Plaintiff-Appellant,

v.

DONOVAN L. HAYDEN,

 Defendant-Respondent.

________________________________________________________________

 Submitted February 7, 2017 – Decided August 1, 2017

 Before Judges Espinosa, Suter and Guadagno.

 On appeal from Superior Court of New Jersey,
 Law Division, Hudson County, Indictment No.
 16-03-0353.

 Esther Suarez, Hudson County Prosecutor,
 attorney for appellant (Stephen J. Natoli,
 Assistant Prosecutor, on the brief).

 Joseph E. Krakora, Public Defender, attorney
 for respondent (Rochelle Watson, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

PER CURIAM

 This is the State's appeal from a decision by the trial court

to admit defendant into the Pre-Trial Intervention (PTI) program
over the Prosecutor's objection on the ground that the State had

applied a per se rule to reject defendant's application.

 At his arraignment on a second-degree weapons offense charge,

defendant's counsel stated defendant was applying for admission

into the Pre-Trial Intervention program (PTI). The assistant

prosecutor countered, "the State will be opposing any PTI

application for [defendant.]" After its review of defendant's PTI

application, the Criminal Division recommended defendant's

admission into the Pre-Trial Intervention program (PTI), citing a

number of factors personal to defendant and concluding he was "not

a danger to society." The prosecutor rejected this recommendation

and denied defendant's application in a terse letter that

essentially relied upon the presumption of ineligibility for

persons charged with second-degree offenses.

 We have reviewed the prosecutor's statement of reasons for

rejecting defendant's application. We conclude the prosecutor

failed to make an individualized assessment of the defendant under

the PTI Guidelines, established by R. 3:28, that took into account

his "'amenability to correction' and potential 'responsiveness to

rehabilitation,'" State v. Roseman, 221 N.J. 611, 621-22 (2015)

(quoting State v. Watkins, 193 N.J. 507, 520 (2008)); N.J.S.A.

2C:43-12(b)(1), and to consider the statutory criteria required

by N.J.S.A. 2C:43-12(e).

 2 A-5084-15T3
 For the reasons that follow, we reverse the trial court's

decision to admit defendant into PTI and remand to the trial court

to: provide additional reasons for its decision, remand to the

prosecutor for further consideration or reverse its decision, in

light of the principles we review in this opinion.

 I.

 Defendant was twenty-six years old at the time of his arrest

on November 15, 2015. He was stopped by Jersey City police

officers for a motor vehicle offense, tailgating, N.J.S.A. 39:4-

89. When defendant opened the center console of his car to

retrieve his credentials, one of the officers observed a handgun

in the console. The gun, a loaded Taurus Model PT.22, a.22 caliber

handgun, was seized. Defendant was arrested and charged with

second-degree unlawful possession of a firearm, N.J.S.A. 2C:39-

5(b).

 "Any defendant charged with crime is eligible for enrollment

in a PTI program, but the nature of the offense is a factor to be

considered in reviewing the application." Guidelines for

Operation of Pretrial Intervention in New Jersey, Pressler &

Verniero, Current N.J. Court Rules, Guideline 3(i) following R.

3:28 at 1235 (2017). However, depending upon the nature of the

offense charged, the PTI Guidelines establishes a rebuttable

presumption that the application "should generally be rejected"

 3 A-5084-15T3
or "should ordinarily not be considered." Ibid. A "defendant's

application should generally be rejected" if the charged offense

was:

 (1) part of organized criminal activity; or
 (2) part of a continuing criminal business or
 enterprise; or (3) deliberately committed with
 violence or threat of violence against another
 person; or (4) a breach of the public trust
 where admission to a PTI program would
 deprecate the seriousness of defendant's
 crime.

 [Ibid.]

 Defendant was not charged with an offense that fell within

these categories. Because he was charged with a second-degree

offense, his offense was subject to a different rebuttable

presumption: "A defendant charged with a first or second degree

offense . . . should ordinarily not be considered for enrollment

in a PTI program except on joint application by the defendant and

the prosecutor." Ibid. Notwithstanding this presumption, the

Guideline establishes the procedure for review of the PTI

application:

 However, in such cases, the applicant shall
 have the opportunity to present to the
 criminal division manager, and through the
 criminal division manager to the prosecutor,
 any facts or materials demonstrating the
 applicant's amenability to the rehabilitative
 process, showing compelling reasons
 justifying the applicant's admission and
 establishing that a decision against

 4 A-5084-15T3
 enrollment would be arbitrary and
 unreasonable.

 [Ibid.]

 The statute that governs PTI does not bar defendants charged

with a second-degree offense from admission or codify a presumption

against admission for such defendants. N.J.S.A. 2C:43-12. As

amended by L. 2015, c. 98, which was effective August 10, 2015,

prior to defendant's application, the only limitation applicable

to defendant's admission to PTI was that he enter a plea of guilty.

N.J.S.A. 2C:43-12(g)(3). The statute provides further, "the plea

shall be held in an inactive status pending termination of

supervisory treatment . . . . Upon successful completion of the

program of supervisory treatment the charges shall be dismissed."

Ibid.

 At defendant's arraignment, his attorney stated he had made

application and been interviewed for PTI. The prosecutor responded

summarily, "the State will be opposing any PTI application for

[defendant.]"

 Following a review of defendant's application, the Criminal

Division recommended that defendant be enrolled in PTI. The

recommendation letter cited the following reasons for that

conclusion:

 5 A-5084-15T3
 This case represented defendant's "initial known contact with

the criminal justice system." He had no contact with the juvenile

justice system. There was no need to refer him for a substance

abuse evaluation. He was employed, lived with his father and

sister in a "relatively quiet" neighborhood in Jersey City, and

contributed approximately twenty-five to thirty percent of the

rent each month. Defendant admitted that purchasing and carrying

the handgun "were both examples of very poor judgment," stating:

 I just felt unsafe, that's all. I felt unsafe
 and nervous at the time because of all the
 things that were going on in the area.
 Honestly I don’t even like guns or dealing
 with stuff like that, but I just felt unsafe.
 I actually don't want to live here anymore. I
 want to move to Pennsylvania with my
 girlfriend because I feel like you can't even
 go outside around here anymore.

 The recommendation acknowledged the seriousness of the

offense charged but noted the circumstances that led to defendant's

arrest "were not of a violent or assaultive nature." The officer's

evaluation included the following:

 It is the belief of this Officer that the
 defendant is not a danger to society. Taking
 into consideration the defendant's lack of a
 criminal history in addition to being
 gainfully employed and abstaining from the use
 of drugs, this Officer cannot readily identify
 any evidence to suggest Mr. Hayden is likely
 to reoffend.

 . . . .

 6 A-5084-15T3
 This Officer does not believe that Mr.
 Hayden's poor judgment merits a response from
 the Court that would result in a conviction
 on the defendant's otherwise non-existent
 criminal history, especially a conviction that
 carries the possibility of a custodial
 sentence.

 It is the belief of this Officer that the
 hardships Mr. Hayden will inevitably face as
 the result of having a criminal record
 containing a conviction for a second degree
 crime would outweigh any harm done to society
 by abandoning traditional criminal
 prosecution in favor of the supervisory
 treatment that the defendant would receive
 through acceptance into the PTI program.

 [(Emphasis added).]

 After receiving this recommendation, the prosecutor's office

was required to make an individualized assessment of the defendant

under the PTI Guidelines, established by Rule 3:28, that took into

account his "'amenability to correction' and potential

'responsiveness to rehabilitation.'" Roseman, supra, 221 N.J. at

621-22 (quoting Watkins, supra, 193 N.J. at 520); N.J.S.A. 2C:43-

12(b)(1).

 The prosecutor was also specifically required to consider the

seventeen factors listed in N.J.S.A. 2C:43-12(e), State v. Lee,

437 N.J. Super. 555, 562 (App. Div. 2014), which we list for ease

of reference:

 (1) The nature of the offense;

 (2) The facts of the case;

 7 A-5084-15T3
 (3) The motivation and age of the
defendant;

 (4) The desire of the complainant or
victim to forego prosecution;

 (5) The existence of personal problems
and character traits which may be related to
the applicant's crime and for which services
are unavailable within the criminal justice
system, or which may be provided more
effectively through supervisory treatment and
the probability that the causes of criminal
behavior can be controlled by proper
treatment;

 (6) The likelihood that the applicant's
crime is related to a condition or situation
that would be conducive to change through his
participation in supervisory treatment;

 (7) The needs and interests of the victim
and society;

 (8) The extent to which the applicant's
crime constitutes part of a continuing pattern
of anti-social behavior;

 (9) The applicant's record of criminal
and penal violations and the extent to which
he may present a substantial danger to others;

 (10) Whether or not the crime is of an
assaultive or violent nature, whether in the
criminal act itself or in the possible
injurious consequences of such behavior;

 (11) Consideration of whether or not
prosecution would exacerbate the social
problem that led to the applicant's criminal
act;

 (12) The history of the use of physical
violence toward others;

 8 A-5084-15T3
 (13) Any involvement of the applicant
 with organized crime;

 (14) Whether or not the crime is of such
 a nature that the value of supervisory
 treatment would be outweighed by the public
 need for prosecution;

 (15) Whether or not the applicant's
 involvement with other people in the crime
 charged or in other crime is such that the
 interest of the State would be best served by
 processing his case through traditional
 criminal justice system procedures;

 (16) Whether or not the applicant's
 participation in pretrial intervention will
 adversely affect the prosecution of
 codefendants; and

 (17) Whether or not the harm done to
 society by abandoning criminal prosecution
 would outweigh the benefits to society from
 channeling an offender into a supervisory
 treatment program.

 [N.J.S.A. 2C:43-12(e).]

 When the prosecutor rejects a PTI application, N.J.S.A.

2C:43-12(f) requires the prosecutor to "precisely state his

findings and conclusion which shall include the facts upon which

the application is based and the reasons offered for the denial."

See also State v. K.S., 220 N.J. 190, 198-99 (2014); State v.

Nwobu, 139 N.J. 236, 248 (1995) (citing Pressler & Verniero, supra,

Guideline 8, at 1240-41); State v. Rizzitello, 447 N.J. Super.

 9 A-5084-15T3
301, 311 (App. Div. 2016); Pressler & Verniero, supra, Official

Comment to Guideline 2 at 1234.

 The rejection letter relied upon by the State to justify its

rejection of defendant's PTI application reads as follows:

 The defendant is charged in the
 Indictment with a second degree weapons
 offense which carries a mandatory term of
 imprisonment and is therefore presumptively
 ineligible for admission into the PTI Program,
 absent compelling reasons justifying his
 admission. Defendant's first offender status,
 standing alone, does not constitute a
 "compelling reason," and nothing in
 defendant's character or background is
 sufficiently "extraordinary" or "unusual" to
 overcome the presumption against admission.
 See State v. Nwobu, 139 N.J. 236 (1995).

 Moreover, given the alarming
 proliferation of illegal, unregistered
 weapons and the threat they pose to public
 safety, the nature of the offense is such that
 the public need for prosecution and deterrence
 outweighs the value of supervisory treatment.

 In sharp contrast to the Criminal Division manager's

recommendation, this letter cited no facts regarding defendant's

personal background other than his first offender status.

Similarly, the letter relies heavily upon the "nature of the

offense" but reveals no consideration of the circumstances of the

offense. Further, the letter associates the offense with "the

alarming proliferation of" firearms although there is no

 10 A-5084-15T3
allegation that defendant was engaged in the trafficking of

firearms.

 Defendant appealed from the State's rejection. He argued the

rejection letter sent to the Criminal Division failed to show the

prosecutor had taken all of defendant's circumstances into

consideration. He argued further that, when viewed together, the

rejection letter and the prosecutor's statement at the arraignment

that the State would oppose any application for PTI represented a

"per se" rejection. See State v. Baynes, 148 N.J. 434, 451 (1997)

(reversing the prosecutors per se rejection of the defendants PTI

application).

 In opposition to defendant's motion, the prosecutor confirmed

that defendant's PTI rejection was based on the reasoning set

forth in the rejection letter. The prosecutor argued that because

the statement made at arraignment did not constitute the State's

rejection or play any role in the rejection decision, they did not

contribute to any "per se" bar. Finally, the prosecutor argued

the reasoning for rejecting defendant's application – as set forth

in the rejection letter – was "sound logically and legally." The

thrust of the argument presented was that there was nothing

extraordinary or unusual to overcome the presumption against

admission contained in Guideline 3(i).

 11 A-5084-15T3
 After reviewing applicable legal principles, the trial judge

found the rejection constituted a patent and gross abuse of

discretion:

 And in this case, this is a second degree
 offense. And it is whether or not the
 defendant has overcome the presumption against
 admission. Here, in the view of this Court,
 that the rejection of the defendant's
 application for PTI has, is considered a
 patent and gross abuse of discretion where the
 prosecution has created a per se bar on his
 admission based on a statement at arraignment
 relating to the likelihood of defendant's
 rejection from PTI, based on the statement
 made by the State at arraignment, and then the
 subsequent rejection by the Prosecutor's
 Office. It appears from the record that the
 State knew it would reject defendant's
 application prior to even receiving it solely
 based on the nature of the offense rather than
 upon examination of defendant's background and
 characteristics.

 Upon reviewing the transcript and
 listening to the tape, or the record of the
 arraignment, the State specifically noted the
 State will be opposing any PTI application for
 Mr. Hayden. Based on this statement in
 combination with the rejection from the
 Prosecutor's Office, following a careful
 consideration, and acceptance into PTI by the
 Criminal Division Manager, it appears that the
 Prosecutor has per se barred defendant's
 admission into PTI.

 She then ordered that defendant be enrolled in the PTI

program.

 In its appeal, the State argues:

 12 A-5084-15T3
 POINT I

 THE COURT ERRED IN ADMITTING THE
 RESPONDENT INTO PTI BASED ON THE
 PROSECUTOR'S STATEMENTS MADE AT THE
 ARRAIGNMENT.

 POINT II

 THE TRIAL COURT ERRED BY ADMITTING
 RESPONDENT INTO PTI OVER THE STATE'S
 OBJECTION AS RESPONDENT FAILED TO
 DEMONSTRATE THAT THE PROSECUTOR'S
 REJECTION AMOUNTED TO A PATENT AND
 GROSS ABUSE OF DISCRETION.

 A. THE STATE CONSIDERED ALL
 RELEVANT FACTORS IN ITS REJECTION OF
 RESPONDENT'S PTI APPLICATION.

 II.

 The prosecutor's decision to accept or reject a defendant's

PTI application is entitled to a great deal of deference. Roseman,

supra, 221 N.J. at 624-25; State v. Leonardis, 73 N.J. 360, 381

(1977). We do not evaluate the case as if we "stood in the shoes

of the prosecutor." State v. Wallace, 146 N.J. 576, 589-90 (1996).

A prosecutor's decision to accept or reject a PTI application may

be overruled only when the circumstances "'clearly and

convincingly establish that the prosecutor's refusal to sanction

admission into the program was based on a patent and gross abuse

of . . . discretion.'" Roseman, supra, 221 N.J. at 624-25

(citation omitted); see Nwobu, supra, 139 N.J. at 254 ("The

question is not whether we agree or disagree with the prosecutor's

 13 A-5084-15T3
decision, but whether the prosecutor's decision could not have

been reasonably made upon weighing the relevant factors.").

 Although we rarely overturn a PTI rejection, the prosecutor's

discretion is not unlimited. State v. Negran, 178 N.J. 73, 82

(2003). In rendering the decision, the prosecutor must "make an

individualized assessment of the defendant" and consider whether

the defendant is amenable to rehabilitation. Roseman, supra, 221

N.J. at 621-22 (citing Watkins, supra, 193 N.J. at 520). The

prosecutor may not weigh inappropriate factors or ignore

appropriate factors. K.S., supra, 220 N.J. at 200. Further,

judicial review is not so limited that a denial which addresses

all the statutory factors and the Guidelines escapes further

scrutiny. In Wallace, the Supreme Court instructed, "We are not

to be understood as endorsing unbridled prosecutorial discretion

simply because all relevant factors and no inappropriate factors

are in the mix." Wallace, supra, 146 N.J. at 586. Rather, we are

obligated "to check those instances where the prosecutor has so

inappropriately weighted the various considerations so as to

constitute a 'clear error in judgment.'" Ibid.; see also State

v. Denman, 449 N.J. Super. 369, 376 (App. Div. 2017).

 We are mindful of the distinction between a prosecutor's

"abuse of discretion" and "gross and patent abuse of discretion"

 14 A-5084-15T3
and the remedies appropriate for each. In Roseman, the Court

noted:

 Ordinarily, an abuse of discretion will
 be manifest if defendant can show that a
 prosecutorial veto (a) was not premised upon
 a consideration of all relevant factors, (b)
 was based upon a consideration of irrelevant
 or inappropriate factors, or (c) amounted to
 a clear error of judgment.

 [221 N.J. at 625 (quoting State v. Bender, 80
 N.J. 84, 93 (1979)).]

 To establish a "gross and patent abuse of discretion" that

justifies supplanting the prosecutor's decision, a defendant must

also show "that the prosecutorial error complained of will clearly

subvert the goals underlying Pretrial Intervention." Ibid.

(quoting Bender, supra, 80 N.J. at 93). A "patent and gross abuse

of discretion" is defined as a decision that "has gone so wide of

the mark sought to be accomplished by PTI that fundamental fairness

and justice require judicial intervention." Wallace, supra, 146

N.J. at 582-83 (citation omitted).

 "If the prosecutor's abuse arises from a clear error of

judgment, a court may order that a defendant be admitted into the

program," State v. DeMarco, 107 N.J. 562, 567 (1987), and may do

so "over the prosecutor's objection." Roseman, supra, 221 N.J.

at 625; see also Nwobu, supra, 139 N.J. at 247.

 15 A-5084-15T3
 When there has been an error that does not meet the "patent

and gross abuse of discretion" standard, the appropriate remedy

is a remand to the prosecutor, which affords the prosecutor "an

opportunity to apply the standards set forth by the court 'without

supplanting the prosecutor's primacy in determining whether [PTI]

is appropriate in individual cases.'" K.S., supra, 220 N.J. at

200 (quoting State v. Dalglish, 86 N.J. 503, 514 (1981)); see also

Denman, supra, 449 N.J. Super. at 377.

 III.

 As the trial judge correctly stated, it is a patent and gross

abuse of discretion when a prosecutor applies a per se bar to

reject a defendant's application to PTI. We disagree, however,

with the conclusion that the record supports the finding that the

prosecutor applied a per se bar here.

 Most typically, a per se bar is based upon an explicit,

admitted policy the prosecutor follows without regard to the

defendant's personal characteristics. For example, in Baynes,

supra, 148 N.J. at 440, the prosecutor advised the defendant in

writing "that his PTI application was rejected because of that

prosecutor's acknowledged policy to deny PTI admission to

defendants charged with "school zone offenses," including those

involving possession of CDS for personal use." (emphasis added).

Similarly, in State v. Caliguiri, 158 N.J. 25 (1999), the

 16 A-5084-15T3
prosecutor treated the PTI applicant as "categorically ineligible"

based upon a directive from the Attorney General that required

prosecutors to object to any PTI application by any person charged

under N.J.S.A. 2C:35-7 unless the proofs were insufficient to

sustain a conviction. Id. at 34.

 The consequences for finding a per se rule was applied are

significant:

 By their nature, per se rules require
 prosecutors to disregard relevant factors,
 contrary to the guidelines, and when a
 defendant demonstrates that a prosecutor has
 relied on such a rule, the presumption that
 the prosecutor has considered all relevant
 facts is overcome.

 [Baynes, supra, 148 N.J. at 444-45 (emphasis
 added).]

 Here, the conclusion that a per se rule was applied can only

be inferred from the statement of the prosecutor and the

deficiencies in the rejection letter. Although those facts are

not inconsistent with that conclusion, they are not sufficiently

probative of that conclusion. As a result, the court was required

to engage in closer scrutiny of the prosecutor's rejection.

 IV.

 Because defendant is charged with offenses that fall within

PTI Guideline 3(i)(2) and thus is presumptively ineligible for

admission into PTI, the court must first determine whether he has

 17 A-5084-15T3
satisfied his burden to present "compelling reasons" to rebut the

presumption against his admission into PTI. Defendant was required

to present facts or materials "'demonstrating [his] amenability

to the rehabilitative process' and 'showing compelling reasons

justifying [his] admission and establishing that a decision

against enrollment would be arbitrary and unreasonable.'" State

v. Seyler, 323 N.J. Super. 360, 369 (1999), aff'd o.b., 163 N.J.

69 (2000); Pressler & Verniero, supra, Guidelines 2, 3(i), at

1234-35. This means he "must demonstrate something extraordinary

or unusual, something 'idiosyncratic,' in his . . . background."

Nwobu, supra, 139 N.J. at 252 (quoting State v. Jabbour, 118 N.J.

1, 7 (1990). This does not, however, require proof that denial

of his PTI application "would constitute a 'serious injustice.'"

Caliguiri, supra, 158 N.J. at 44.

 To determine whether defendant has presented "compelling"

reasons to justify his admission into PTI, "the prosecutor and any

reviewing court are required to consider the criteria set forth

in N.J.S.A. 2C:43-12," which "include '[t]he nature of the

offense,' '[t]he facts of the case,' '[t]he needs and interests

of . . . society,' and '[w]hether or not the crime is of such a

nature that the value of supervisory treatment would be outweighed

by the public need for prosecution.'" Seyler, supra, 323 N.J.

 18 A-5084-15T3
Super. at 369-70 (alterations in original) (citations omitted);

see also K.S., supra, 220 N.J. at 198.

 It is appropriate to bear in mind the rationale underlying

the presumptions contained in the Guidelines. Presumptions

against PTI reflect an assumption that certain defendants "have

committed crimes that are, by their very nature, serious or heinous

and with respect to which the benefits of diversion are

presumptively unavailable." Roseman, supra, 221 N.J. at 622

(quoting Watkins, supra, 193 N.J. at 523). The reasoning

underlying the presumption is that applicants "who have committed

serious and heinous crimes are generally recognized as problematic

from a rehabilitation standpoint." Watkins, supra, 193 N.J. at

513.

 This case is ill-suited for the application of this

assumption. First, the offense charged cannot reasonably be

considered "heinous," or of such a character that the offender

should be considered unlikely to be amenable to correction.

Second, defendant's personal circumstances offer strong support

for the conclusion, reached by the Criminal Division manager, that

he is unlikely to reoffend. We leave it to the trial court to

apply the statutory criteria to the facts in defendant's background

and the circumstances of the offense to determine whether defendant

has presented compelling reasons for his admission to PTI.

 19 A-5084-15T3
 V.

 In the event the trial court should conclude defendant has

presented compelling reasons for his admission, the next

consideration is whether defendant has shown an abuse of discretion

by satisfying one of the three factors identified in Roseman,

i.e., whether the prosecutor's rejection was "premised upon a

consideration of all relevant factors." Roseman, supra, 221 N.J.

at 625 (quoting Bender, supra, 80 N.J. at 93). Scrutiny of the

prosecutor's statement of reasons here is particularly appropriate

because the State has consistently maintained in the trial court

and on appeal that its statement of reasons reflects a full and

fair consideration of all factors relevant to defendant's PTI

application and provides a sound legal basis for rejection.

Additionally, we note, "a reviewing court's scrutiny is generally

limited to the justification contained in the statement of

reasons." Wallace, supra, 146 N.J. at 584.

 Our courts have emphasized the importance of the statement

of reasons mandated by N.J.S.A. 2C:43-12(f), which "serves four

purposes: (1) It facilitates effective judicial review; (2) it

assists in evaluating the success of the PTI program; (3) it

affords the defendant the opportunity to prepare a response; and

(4) it dispels suspicions of arbitrariness." Nwobu, supra, 139

N.J. at 249 (citing Leonardis, supra, 71 N.J. at 114-15).

 20 A-5084-15T3
 A.

 A review of the applicable principles is helpful in evaluating

the statement of reasons here.

 Each PTI applicant is "entitled to full and fair consideration

of his application." N.J.S.A. 2C:43-12(f). The statement of

reasons must show that the prosecutor has made an individualized

assessment of the defendant, giving due consideration to the

statutory factors, N.J.S.A. 2C:43-12(e), and evaluating the

individual applicant's "amenability to rehabilitation," Roseman,

supra, 221 N.J. at 630 (quoting Nwobu, supra, 139 N.J. at 255).

The factors that must be considered include "the details of the

case, defendant's motives, age, past criminal record, standing in

the community, and employment performance[.]" Id. at 621

(alteration in original) (quoting Watkins, supra, 193 N.J. at

520); accord Denman, supra, 449 N.J. Super. at 376. The prosecutor

cannot ignore evidence bearing on the relevant factors in the

Guidelines and PTI statute. State v. Lee, 437 N.J. Super. 555,

567-68 (App. Div. 2014), certif. denied, 222 N.J. 18 (2015). At

a minimum, the prosecutor "should note the factors present in

defendant's background or the offense purportedly committed which

led [the prosecutor] to conclude that admission should be denied."

Nwobu supra, 139 N.J. at 249 (alteration in original) (quoting

State v. Sutton, 80 N.J. 110, 117 (1979)).

 21 A-5084-15T3
 The statement of reasons "must demonstrate that the

prosecutor has carefully considered the facts in light of the

relevant law." Wallace, supra, 146 N.J. at 584. "[B]ald

declarations" that "merely parrot[] the statutory language without

providing any factual justification . . . are insufficient to

support PTI denial." Roseman, supra, 221 N.J. at 627-29.

 "[T]he statement of reasons must not be vague," either.

Nwobu, supra, 139 N.J. at 249. Rather, the prosecutor's reasons

for rejection of the PTI application must be stated with

"sufficient specificity so that defendant has a meaningful

opportunity to demonstrate that they are unfounded." Ibid.

(citation omitted).

 Typically, a prosecutor's rejection letter addresses each of

the factors listed in N.J.S.A. 2C:43-12(e) and explains how each

factor is or is not relevant to its consideration of an

application. Although plainly a preferred approach, it need not

be followed if the prosecutor's consideration of all appropriate

factors is evident from a reading of the statement of reasons.

That is not the case here.

 B.

 There are certain glaring deficiencies in the rejection

letter relied upon as the prosecutor's statement of reasons. Of

the seventeen factors listed in N.J.S.A. 2C:43-12(e), only two are

 22 A-5084-15T3
reflected in the statement of reasons: "(1) the nature of the

offense," and "(17) whether or not the harm done to society by

abandoning criminal prosecution would outweigh the benefits to

society from channeling an offender into a supervisory treatment

program." Even as to these two factors, the rejection letter

merely notes defendant is charged with a second-degree offense and

parrots factor (17). To the extent the rejection letter may be

viewed as invoking factors (11) and (14), it was only in conclusory

fashion.

 Statutory factors that plainly should have been considered

include: N.J.S.A. 2C:43-12(e)(2), (3), and (8) through (13). While

the prosecutor noted the degree of the offense, there was no

discussion of the circumstances of the offense. See Roseman,

supra, 221 N.J. at 621; Watkins, supra, 193 N.J. at 520; Cannel,

New Jersey Criminal Code Annotated, comment 2 on N.J.S.A. 2C:43-

12 (2017) (noting, "the circumstances of the crime rather than the

particular crime charged must be involved in the decision.")

Relevant to factors (2) and (10), the offense was discovered as

the result of a motor vehicle stop for tailgating. The weapon was

not associated with any other crime and was revealed only because

defendant looked in the console for his credentials to comply with

the officer's request following a motor vehicle stop. There was

nothing in the police reports to suggest that defendant was

 23 A-5084-15T3
anything other than fully cooperative with their commands – no

assaultive, suspicious or evasive behavior.

 Factor (3), the defendant's age and motivation were also

highly relevant factors. It was dismissive of the prosecutor to

merely describe defendant as a first-time offender. There was no

discussion of his age, personal history, standing in the community

or employment record. See Roseman, supra, 221 N.J. at 621;

Watkins, supra, 193 N.J. at 520.

 At age twenty-six, this was defendant's first known contact

with the criminal justice system. That means he had no juvenile

adjudications or charges, no charges that were dismissed and no

arrests for criminal or disorderly persons offenses. And, as a

result, there is no evidence of a "continuing pattern of anti-

social behavior" (factor 8), any "record of criminal and penal

violations" that signal "a substantial danger to others" (factor

9), no "history of the use of physical violence toward others"

(factor 12), and no involvement with organized crime (factor 13).

 Because "juveniles are responsible for a large share of the

total amount of crime, . . . an applicant's juvenile record

clearly is relevant to the question whether admission into a PTI

program 'can reasonably be expected to deter future criminal

behavior by an applicant,'" and "whether an applicant's history

includes 'the use of physical violence towards others[.]'" State

 24 A-5084-15T3
v. Brooks, 175 N.J. 215, 227-28 (2002) (alteration in original)

(citations omitted). We note further that defendant expressed

remorse and acknowledged he exercised poor judgment in engaging

in this conduct.

 Although defendant's fear does not justify arming himself in

anticipation of the need to act in self-defense, it does provide

a non-criminal purpose for his possession of the firearm relevant

to factor (3). His stated motivation was accepted as credible by

the Criminal Division manager. The lack of any criminal history

bolstered that conclusion. Yet, the rejection letter reflects no

consideration that defendant was motivated by fear rather than by

a motive consistent with the assumption underlying the presumption

against PTI, such as an intent to use the firearm to commit an

independent offense.

 All these factors weigh heavily in evaluating the likelihood

that a PTI applicant may be deterred from further criminal activity

without the need for criminal prosecution. They were considered

by the Criminal Division in reaching the conclusion that defendant

was a suitable candidate for PTI but were not addressed in the

rejection letter.

 In addition to failing to adequately address the statutory

factors or conduct an individualized assessment of defendant, the

rejection letter did not apply the principle set forth in N.J.S.A.

 25 A-5084-15T3
2C:43-12(b)(1): "Admission of an applicant into a program of

supervisory treatment shall be measured according to the

applicant's amenability to correction, responsiveness to

rehabilitation and the nature of the offense." See also Roseman,

supra, 221 N.J. at 621-22; State v. Mickens, 236 N.J. Super. 272,

278 (App. Div. 1989) (finding a patent and gross abuse of

discretion that warranted ordering defendant into PTI where "the

prosecutor had not one positive word to say about the

rehabilitation standard, which is so fundamental a part of PTI"

and the defendant's amenability to rehabilitation). The rejection

letter demonstrates that defendant's PTI application was measured

based upon the nature of the offense to the exclusion of the other

statutorily mandated considerations, which require a focus on the

defendant's personal attributes.

 The record plainly shows the prosecutor failed to consider

all relevant factors in defendant's application or to make an

individualized assessment of him.

 C.

 To determine whether the rejection rose to the level of a

"patent and gross" abuse of discretion the trial court must

consider whether this failure clearly subverted the goals

underlying PTI. See Roseman, supra, 221 N.J. at 625.

 26 A-5084-15T3
 The Guidelines for Operation of Pretrial Intervention in New

Jersey adopted by the Supreme Court include an articulation of the

program's purposes:

 (1) to enable defendants to avoid ordinary
 prosecution by receiving early rehabilitative
 services expected to deter future criminal
 behavior; (2) to provide defendants who might
 be harmed by the imposition of criminal
 sanctions with an alternative to prosecution
 expected to deter criminal conduct; (3) to
 avoid burdensome prosecutions for
 "victimless" offenses; (4) to relieve
 overburdened criminal calendars so that
 resources can be expended on more serious
 criminal matters; and (5) to deter future
 criminal behavior of PTI participants.

 [Nwobu, supra, 139 N.J. at 247 (citing
 Pressler & Verniero, supra, Guideline 1, at
 1233).]

 Pursuant to Guideline 2, "[a]ny defendant accused of crime

shall be eligible for admission into a PTI program," and such

eligibility "is broad enough to include all defendants who

demonstrate sufficient effort to effect necessary behavioral

change and show that future criminal behavior will not occur."

Pressler & Verniero, supra, Guideline 2, at 1234, see also Nwobu,

supra, 139 N.J. at 247-48. Because the breadth of eligibility is

measured by the defendant's capacity to avoid future criminal

conduct, offense-related factors will not defeat eligibility in

appropriate cases. See Caliguiri, supra, 158 N.J. at 39 ("Even

offenders charged with violent or first-degree offenses are not

 27 A-5084-15T3
categorically ineligible."). Guideline 3 explicitly provides for

consideration, under specific circumstances, of PTI applications

from persons who are not first offenders, Pressler & Verniero,

supra, Guideline 3(e), at 1234-35; are charged with more than one

offense, Nwobu, supra, 139 N.J. at 247-48; or are parolees or

probationers, Pressler & Verniero, supra, Guideline 3(f), at 1235.

Guideline 3(i), therefore calls for a "balance [to be] struck

between a defendant's amenability to correction, responsiveness

to rehabilitation and the nature of the offense." Id., Official

Comment to Guideline 3, at 1237-38.

 The prosecutor made no effort to strike such a balance, in

contravention of Guideline 3(i). Moreover, the narrow focus on

the nature of the offense, divorced from its circumstances and the

factors in defendant's background that led the Criminal Division

manager to conclude he was unlikely to reoffend, is at odds with

the goal of PTI to afford the opportunity to avoid criminal

prosecution to "all defendants" who can show "future criminal

behavior will not occur."

 The Official Comment to Guideline 1 notes that diversion "can

serve as sufficient sanction to deter future criminal conduct" in

appropriate cases; that some people "can be deterred from criminal

behavior by short term rehabilitative work or supervision" while

for others, "no more than a supervised pretrial probationary period

 28 A-5084-15T3
may be necessary when no extensive need for rehabilitative services

can be discerned." Id., Official Comment to Guideline 1, at 1233.

Further, the public interest can be served when diversion "results

in the deterrence of future misconduct." Ibid.

 These principles highlight the fact that the central purpose

of PTI is to "divert[] eligible defendants out of the criminal

process to their own advantage, society's and that of the criminal

justice system." Mickens, supra, 236 N.J. Super. at 277. The

relevant question is whether defendant can be deterred from future

criminal behavior and it is answered through an individualized

assessment of his amenability to refrain from such conduct. The

label placed on the offense charged does not dictate the answer

and it is understood that some PTI applicants, like defendant,

will not require extensive rehabilitative services to accomplish

this goal.

 The prosecutor ignored these principles. There was no

individualized assessment of defendant's amenability to

correction. It is also noteworthy that the prosecutor failed to

consider the deterrent value of the requirement imposed by N.J.S.A.

2C:43-12(g)(3). Because he was charged with a second degree

offense, defendant would be required to enter a guilty plea that

would be held in abeyance pending defendant's successful

completion of the PTI program. Yet, there was no consideration

 29 A-5084-15T3
as to whether this veritable sword of Damocles would adequately

serve any of the legitimate prosecution interests regarding

defendant's offense or provide sufficient incentive for defendant

to be deterred from future criminal activity.

 Despite the manifest inadequacy of the rejection letter, the

prosecutor has maintained throughout that its rejection was based

upon a full and fair consideration of defendant's application.

"Failure to provide 'comprehensive and flexible' evaluation

'undermine[s] the efficacy of PTI.'" Caliguiri, supra, 158 N.J.

at 39 (alteration in original) (citations omitted).

 D.

 In the event the trial judge concludes the rejection here

constituted a patent and gross abuse of discretion, the next

decision concerns the appropriate remedy. In Mickens, supra,

Judge Pressler succinctly described the task at hand:

 [T]he appellate court must distinguish between
 prosecutorial abuse consisting of the failure
 to consider all relevant factors specific to
 the individual candidate and prosecutorial
 abuse represented by a judgment reached after
 a full consideration. In the first instance,
 it is the obligation of the reviewing court
 to remand to the prosecutor for
 reconsideration. In the second instance, the
 reviewing court is free to conclude that the
 abuse "arises from a clear error of judgment,"
 and, if it does so, it "may order that a
 defendant be admitted into the program.

 30 A-5084-15T3
 [236 N.J. Super. at 277-78 (quoting State v.
 DeMarco, 107 N.J. 562, 567 (1987)).]

 Although a remand to the prosecutor is the customary remedy,

that is not the required disposition even when the prosecutor's

error is merely an abuse of discretion and does not rise to the

level of a patent and gross abuse of discretion. The reviewing

court should determine that a remand will "serve a useful purpose."

Caliguiri, supra, 158 N.J. at 43 (citing Dalglish, supra, 86 N.J.

at 509).

 Although these examples are not exclusive, a useful purpose

is served when "the prosecutor failed to consider all relevant

factors," Wallace, supra, 146 N.J. at 583-84; when the prosecutor

mistakenly applied a presumption of PTI ineligibility under

Guideline 3(i) to a defendant not charged with one of the included

crimes, State v. Coursey, 445 N.J. Super. 506, 512 (App. Div.

2016); when the rejection was improperly based upon a prosecutor's

policy, State v. Baynes, 148 N.J. 434, 450 (1997), or a directive

from the Attorney General, Caliguiri, supra, 158 N.J. at 45, rather

than upon an individualized assessment of the PTI applicant; or

when the Court has announced a new interpretation of a Guideline

to be considered in evaluating the defendant's application, K.S.,

supra, 220 N.J. at 199. What is common to each of these examples

is that the rejection decision rested upon a legal error that

 31 A-5084-15T3
could readily be remedied on remand pursuant to the reviewing

court's direction.

 A different course of action is appropriate when the error

represents an error in judgment.

 It is unlikely, on the other hand, that a
 remand would serve a useful purpose if the
 prosecutor's decision was based on appropriate
 factors but, clearly and convincingly,
 amounted to a plain error of judgment
 equivalent to a patent and gross abuse of
 discretion. In that situation it is usually
 appropriate for a court directly to order
 admission to PTI.

 [Wallace, supra, 146 N.J. at 584.]

 In Roseman,1 supra, the Court acknowledged that a remand was

the customary remedy for an inadequate statement of reasons by the

prosecutor. 221 N.J. at 629. Nonetheless, the Court concluded a

remand was inappropriate because the "circumstances show clearly

and convincingly that there has been a patent and gross abuse of

discretion by the prosecutor which constituted a clear error in

judgment that will 'subvert the goals underlying [PTI].'" Id. at

629-30 (alteration in original) (citation omitted); see also

Wallace, supra, 146 N.J. at 582 (noting a reviewing court may

order a defendant into PTI if the defendant can "clearly and

1
 In Roseman, the defendants were charged with second-degree
official misconduct, which creates a presumption against
acceptance into PTI under both the Guidelines and N.J.S.A. 2C:43-
12(b). 221 N.J. at 617, 618-19.

 32 A-5084-15T3
convincingly establish that the prosecutor's refusal to sanction

admission into the program was based on a patent and gross abuse

of . . . discretion." (alteration in original) (citation

omitted)). "[A]n error in applying guidelines to the facts of the

case" will rise to a "clear error of judgment" if it "is one that

'could not have reasonably been made upon a weighing of the

relevant factors.'" Nwobu, supra, 139 N.J. at 253-54 (quoting

State v. Roth, 95 N.J. 334, 366 (1984)).

 At the time the assistant prosecutor announced at defendant's

arraignment that the State would oppose his PTI application, it

was evident that the statement was made without any access to or

consideration of defendant's personal background or amenability

to correction. The State has not contended otherwise. If the

rejection here was not based on the offense charged, per se, the

rejection letter was not just the prosecutor's opportunity to

elaborate; it was the prosecutor's obligation to show there had

been an individualized assessment of defendant and the offense

committed, applying the statutory factors. The statement of

reasons relied upon by the State utterly failed to do so.

 Certainly, the nature of the offense is a relevant factor,

but the rejection letter also includes an implicit conclusion —

that defendant is not amenable to correction. That factor is at

the core of any assessment of a defendant's PTI application. Yet,

 33 A-5084-15T3
despite the State's persistence it has fully and fairly considered

all relevant factors, there is no evidence that the prosecutor

properly considered and weighed defendant's amenability to

correction.

 We therefore remand this matter to the trial judge for further

proceedings consistent with this opinion. We do not retain

jurisdiction.

 34 A-5084-15T3