**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0233-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DRAKE S. CANO,

    Defendant-Appellant.

_____

Submitted November 3, 2025 – Decided November 20, 2025

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 23-11-3293.

Law Office of Matthew V. Portella, LLC, attorneys for appellant (Yannick W. Cools, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Rachel M. Lamb, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Drake S. Cano appeals the trial court's denial of his motion to overturn the County Prosecutor's rejection of his application for pretrial intervention ("PTI"). Because defendant has failed to establish by clear and convincing evidence that the PTI rejection was "a patent and gross abuse of discretion," State v. Leonardis, 73 N.J. 360, 381-82 (1977), we affirm.

Briefly stated, the record reflects the following. On January 15, 2023, defendant was driving a Cadillac sedan in Haddon Township at a high rate of speed, swerving between lanes. A passenger in the Cadillac later told police he and defendant had been "messing around" in the car. Defendant lost control of the vehicle and struck a Toyota, causing substantial bodily injuries to its two occupants. In particular, the Toyota passenger sustained multiple fractures and internal injuries, resulting in lasting physical and emotional effects.

Police arrested defendant four days later. He told the police he had been driving about forty miles per hour when he lost control of the Cadillac. He admitted he was aware his tires had no tread or worn tread and were not safe for driving.

Police issued several motor vehicle summonses to defendant. Among other things, he was charged with reckless driving; unsafe vehicle condition; inadequate maintenance of lamps and tire equipment; tinted windows; a seat belt

A-0233-24

violation; failure to control vehicle on steep curves; driving over a sidewalk; failure to keep right generally and in marked areas; failure to maintain lanes; and unsafe turning. Thereafter, a grand jury issued defendant a one-count indictment charging him with fourth-degree assault by auto, N.J.S.A. 2C:12-l(c)(l).

Defendant, who had no previous criminal record, filed a PTI application, seeking to divert the case from the criminal process. The vicinage's Criminal Division manager recommended against defendant's admission into PTI. The manager contended defendant's conduct was of an "assaultive or violent nature" and that he "would not benefit by supervisory treatment."

Two months later, the Camden County Prosecutor's Office rejected defendant's PTI application. In a letter, the Prosecutor stated that PTI factors one, two, four, five, six, seven, ten, eleven, fourteen, and seventeen of N.J.S.A. 2C:43-12(e) weighed against defendant's admission.

Defendant timely appealed the prosecutor's rejection on March 27, 2024. About two weeks later, defendant submitted a "compelling reasons letter" on April 11, 2024, conveying additional information and facts that were not previously considered by the State when issuing its rejection. The submission described defendant's struggles in coping with the loss of his father three years

3

earlier, his volunteer work, good standing in college and employment, and extracurricular activities. It also expressed defendant's understanding of the consequences of his actions and remorse.

The trial judge analyzed the statutory factors and concluded defendant had not met his burden of demonstrating a "gross and patent abuse of discretion." Leonardis, 73 N.J. at 381-82. Defendant then pled guilty to the assault by auto offense, in exchange for the dismissal of the other charges while preserving his ability to appeal the PTI rejection. The court sentenced him to a three-year term of probation.

On appeal, defendant raises the following points for our consideration:

POINT I

THE TRIAL COURT ERRED IN HOLDING THAT THE STATE DID NOT ABUSE ITS DISCRETION WHEN IT REJECTED [DEFENDANT'S] PTI APPLICATION AS THE REJECTION WAS A CATEGORICAL DENIAL WITHOUT ANY ADEQUATE EXPLANATION AS TO HOW THE RELEVANT PTI FACTORS WERE WEIGHED.

POINT II

THE PROSECUTOR ABUSED HIS DISCRETION WHEN HE FAILED TO CONSIDER ALL RELEVANT FACTORS IN EVALUATING DEFENDANT'S PTI APPLICATION.

A-0233-24

POINT III

JUDGE DOMINGUEZ INCORRECTLY INTERPRETED RULE 3:28 TO REQUIRE A LETTER OF COMPELLING REASONS TO BE SUBMITTED SIMULTANEOUSLY WITH THE APPLICATION FOR THIRD AND FOURTH DEGREE OFFENSES

We have fully considered these arguments and conclude they lack merit. Appellate review of a prosecutor's decision to deny an applicant's entry into PTI is limited. Leonardis, 73 N.J. 360 at 381 (instructing that "great deference should be given to the prosecutor's determination not to consent to diversion."). Judicial reversal of the prosecutor's decision is limited to the "most egregious examples of injustice and unfairness." State v. Negran, 178 N.J. 73, 82 (2003) (quoting Leonardis, 73 N.J. at 384). Even if a court regards a prosecutor's rejection as harsh, this court "does not have the authority in PTI matters to substitute [its own] discretion for that of the prosecutor." State v. Waters, 439 N.J. Super. 215, 237 (App. Div. 2015) (quoting State v. Nwobu, 139 N.J. 236, 253 (1995)).

To overcome a prosecutorial rejection of PTI, the defendant has the burden to establish "clearly and convincingly" that the prosecutor's refusal of the defendant's entry into PTI was based on a "patent and gross abuse of discretion by the prosecutor." Leonardis, 73 N.J. at 381–82. To demonstrate

5

such an abuse of discretion, the defendant must show the denial: "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error of judgment." State v. Denman, 449 N.J. Super. 369, 377 (App. Div. 2017) (quoting State v. Roseman, 221 N.J. 611, 625 (2015)).

A clear error of judgment is a high bar and only occurs when the prosecutor's application of the PTI factors to the facts is "clearly unreasonable so as to shock the judicial conscience," and thus "could not have reasonably been made upon a weighing of the relevant factors." State v. Roth, 95 N.J. 334, 365–66 (1984).

Applying these standards, it is manifest that defendant has not met his burden to invalidate the prosecutor's PTI rejection. Defendant argues the prosector and the Criminal Division manager mischaracterized his driving behavior as assaultive, because he did not intend to harm anyone. However, the definition of fourth-degree assault-by-auto set forth in N.J.S.A. 2C:12-1(c) does not require the State to prove the defendant motorist intended to harm anyone. Instead, the statute declares that "[a] person is guilty of assault by auto or vessel when the person drives a vehicle or vessel recklessly and causes either serious bodily injury or bodily injury to another." (emphasis added). Here, the record

adequately substantiates that defendant knew his car had worn tires and proceeded to drive it in a reckless manner. Moreover, it is clear the main accident victim was severely injured as a result of this recklessness. These characteristics strongly support PTI factor (10), because of the assaultive nature of his conduct behind the wheel. N.J.S.A. 2C:43-12(e)(10).

For the reasons spelled out in the prosecution's rejection letter, the rest of the factors, on the whole, weigh against defendant's admission into PTI. No patent and gross abuse of discretion has been shown. The character proofs and other items of mitigation proffered by defendant fall short of satisfying his heavy burden.

To the extent they have not been addressed above, we have considered defendant's remaining arguments and conclude they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

7                                                                    A-0233-24