**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2106-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAMECA BROWN,

     Defendant-Appellant.

_____

Argued November 13, 2018 – Decided December 5, 2018

Before Judges Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 16-06-1331.

Susan L. Romeo, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Susan L. Romeo, of counsel and on the brief).

Shiraz I. Deen, Assistant Prosecutor, argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel J. Marzarella, Chief Appellate Attorney, of counsel and on the brief).

PER CURIAM

After her appeal of the prosecutor's rejection of her application for admission into the pre-trial intervention program (PTI) was denied by the trial court, defendant pled guilty to third-degree hindering, N.J.S.A. 2C:29-3(a)(3), and was sentenced to a one-year probationary term. "PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). "[A]cceptance into PTI is dependent upon an initial recommendation by the Criminal Division Manager and consent of the prosecutor." Ibid. "The assessment of a defendant's suitability for PTI must be conducted under the Guidelines for PTI provided in Rule 3:28, along with consideration of factors listed in N.J.S.A. 2C:43-12(e)." Ibid.

Challenging her rejection from the program, defendant appeals from the judgment of conviction entered by the court on December 20, 2017, raising the following arguments for our consideration:

> POINT I
>
> THE MATTER SHOULD BE REMANDED FOR RECONSIDERATION BY THE PROSECUTOR BECAUSE, ALTHOUGH NEITHER THE PTI DIRECTOR NOR THE PROSECUTOR EVER EXPLICITLY CITED THE STATUTORY OR GUIDELINE FACTORS PERTAINING TO

DEFENDANTS CHARGED WITH CRIMES OF VIOLENCE, THEY NEVERTHELESS EMPHASIZED THE SUPPOSEDLY VIOLENT NATURE OF DEFENDANT'S CONDUCT THROUGHOUT THE APPLICATION PROCESS, AND SHE WAS IMPROPERLY REQUIRED TO PRESENT COMPELLING REASONS AND TO ESTABLISH THAT DENIAL OF HER APPLICATION WOULD NOT BE ARBITRARY AND UNREASONABLE.

POINT II

THIS MATTER SHOULD BE REMANDED FOR RECONSIDERATION BY THE PROSECUTOR BECAUSE THE ASSESSMENT OF DEFENDANT'S APPLICATION IGNORED A KEY STATUTORY FACTOR AND CRITICAL, UNDISPUTED FACTS THAT MILITATED IN FAVOR OF DIVERTING DEFENDANT INTO PTI.

POINT III

THIS MATTER SHOULD BE REMANDED FOR RECONSIDERATION BY THE PROSECUTOR BECAUSE IT WAS ARBITRARY AND IRRATIONAL TO REJECT DEFENDANT'S APPLICATION BY RELYING ON THE INAPPLICABILITY OF ONLY ONE OF THE FIVE INDEPENDENT PURPOSES OF THE PTI STATUTE, N.J.S.A. 2C:43-12(A)(3), PERTAINING TO "'VICTIMLESS' OFFENSES," TO EXCLUDE DEFENDANT FROM THE PROGRAM, RATHER THAN EXAMINING WHETHER THE CIRCUMSTANCES HERE FELL WITHIN ANY OF THE FOUR OTHER LEGISLATIVELY DEFINED PURPOSES.

After considering these arguments in light of the record and applicable legal standards, we affirm.

The charge underlying this appeal stemmed from defendant's sister, Shatima Brown, stabbing an individual in the upper left hand side of his chest during an altercation in the front courtyard area of an apartment complex. After the stabbing, Shatima handed the knife to defendant, who then left the scene with the knife. The entire incident was captured on video surveillance. During the ensuing police investigation, which involved conducting witness interviews and searching some of the apartments for evidence, defendant denied any involvement in the stabbing by either herself or her sister. However, after police viewed the video surveillance, defendant's sister was charged with attempted murder and related charges, and defendant was charged with hindering.

In a September 26, 2016 letter, the PTI Director rejected defendant's application. The Director acknowledged that defendant was "a twenty[-]eight[-]year[-]old high school graduate who [had] worked as a Certified Home Health Aide for the past six years," had "four children in [her] custody, and [was] expecting" a fifth. Further, the Director noted defendant had no prior criminal history in the Superior Court, and "denied ever using any alcohol or drugs." However, the Director's rejection was based on N.J.S.A. 2C:43-12(e)(1) (the

nature of the offense); N.J.S.A. 2C:43-12(e)(2) (the facts of the case); N.J.S.A. 2C:43-12(e)(7) ("[t]he needs and interests of the victim and society"); N.J.S.A. 2C:43-12(e)(14) ("[w]hether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution"); N.J.S.A. 2C:43-12(e)(15) ("[w]hether or not the applicant's involvement with other people in the crime charged . . . is such that the interest of the State would be best served by processing this case through traditional criminal justice system procedures"); and N.J.S.A. 2C:43-12(e)(16) ("[w]hether or not the applicant's participation in pretrial intervention will adversely affect the prosecution of codefendants").

After acknowledging that "one of the purposes of the program [was] to provide a mechanism for permitting the least burdensome form of prosecution possible for defendants charged with 'victimless' offenses" pursuant to N.J.S.A. 2C:43-12(a)(3), the Director explained that:

> This offense [was] by no means victimless. . . . [Defendant's] involvement was hindering to law[-]enforcement's ability to immediately apprehend Shatima Brown and could have been detrimental to the prosecution of the correct suspect. Officers had to obtain search warrants for multiple dwellings in order to retrieve evidence due to [defendant] removing the weapon from the scene of the crime. Accepting [defendant] into the pre-trial intervention program would depreciate the severity of the crime and could

5

adversely affect the prosecution of co-defendant, Shatima Brown. Although [defendant's] involvement was not physically assaultive, the harm done to the victim must be taken into consideration. Considering the potential ramifications of [defendant's] actions and the indifference towards the life of another, it is apparent that society would most definitely benefit from [defendant's] criminal case being channeled through the traditional court process. In addition, it appears [defendant] ha[s] a pending municipal court case charging [her] with [h]arassment and there is an outstanding warrant for [her] arrest . . . for failure to appear. Not only do these charges display a tendency towards an indifference towards the use of violence, they also demonstrate a lack of compliance with court orders, rendering [defendant] to be an unfit candidate for the pre-trial intervention program.

In an October 20, 2016 letter, the prosecutor also rejected defendant's PTI application. Specifically, the prosecutor "agree[d] with and adopt[ed] the . . . reasons contained in the PTI Director's letter of rejection." The prosecutor added that

> although the defendant [was] not charged with a violent crime per se, she covered up a very violent crime committed by her sister. To permit someone into PTI under these facts would make a mockery out of . . . supervisory treatment as contemplated in <u>State v. Leonardis</u>, 71 N.J. 85 (1976).

Defendant appealed the denial to the trial court. In a supporting certification, defense counsel stated that Shatima Brown's guilty plea to aggravated assault on July 10, 2017, constituted a "change of circumstances"

6

warranting "reconsideration of [defendant's] PTI rejection." Defense counsel also submitted a character letter written by a Lakewood police officer who was also the grandfather of one of defendant's children. In response, the State acknowledged considering the character letter as well as the other mitigating factors, including defendant's attempts to further her education. However, the State asserted that even absent N.J.S.A. 2C:43-12(e)(15), and N.J.S.A. 2C:43-12(e)(16), the other four factors on which the rejection was based still fully supported the decision to reject defendant's application and outweighed the mitigating factors.

Following oral argument, on October 4, 2017, the trial court denied defendant's appeal, concluding that defendant failed to establish "by clear and convincing evidence" that the prosecutor's rejection amounted to "a patent and gross abuse of discretion." In rejecting defendant's contention that "the [p]rosecutor's decision . . . was not based on the appropriate factors or the appropriate weighing of those factors," the court determined that "the State did consider and weigh . . . all the relevant factors." The court explained that the prosecutor considered

> not only the factors that were weighed against the defendant's admission into the program, but also those factors that weighed in favor of the defendant's admission and those factors included the defendant's

age, the fact that the crime as alleged was not assaultive in nature, the defendant's lack of a prior record, lack of history of known violence[,] and lack of involvement with organized crimes.

. . . [T]he State specifically noted that while [it was] commendable that this defendant wants to further her education, has family that she needs to support and additional family members that support her and have provided . . . a character letter to show this, that this does not mitigate the fact that this defendant was involved in a very dangerous activity, regardless of the fact she did not cause direct harm[,] but that she was instrumental in helping to advance a violent crime. And the State paid particular attention to the video . . . that . . . depicted . . . the defendant show[ing] indifference to the injured victim by . . . concealing the weapon and then leaving the scene with it.

The court entered a memorializing order and this appeal followed.

Deciding whether to permit a defendant to divert to PTI "is a quintessentially prosecutorial function," State v. Wallace, 146 N.J. 576, 582 (1996), for which a prosecutor is given "broad discretion," State v. K.S., 220 N.J. 190, 199 (2015). It involves the consideration of the non-exhaustive list of seventeen statutory factors, enumerated in N.J.S.A. 2C:43-12(e), in order to "make an individualized assessment of the defendant considering his or her amenability to correction and potential responsiveness to rehabilitation." Roseman, 221 N.J. at 621-22 (internal quotation marks omitted). "These factors include 'the details of the case, defendant's motives, age, past criminal record,

standing in the community, and employment performance[.]'" Id. at 621 (alteration in original) (quoting Watkins v. Watkins, 193 N.J. 507, 520 (2008)). The Supreme Court's Guidelines accompanying Rule 3:28 work in harmony with the seventeen individual factors listed in N.J.S.A. 2C:43-12(e).[1]

That said, the scope of our review of a PTI rejection is severely limited and designed to address "only the 'most egregious examples of injustice and unfairness.'" State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). "In order to overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion,'" meaning that the decision "has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." Watkins, 193 N.J. at 520 (first quoting State v. Watkins, 390 N.J. Super. 302, 305-06 (App. Div. 2007); and then quoting Wallace, 146 N.J. at 582-83).

An abuse of discretion has occurred where it can be proven "that the [PTI] denial '(a) was not premised upon a consideration of all relevant factors, (b) was

---

[1] N.J.S.A. 2C:43-12 was amended in 2015. As amended, the eligibility requirements were expanded to allow defendants who plead guilty to certain violent crimes to be admitted to the program. N.J.S.A. 2C:43-12(g)(3).

based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. '" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (quoting State v. Bender, 80 N.J. 84, 93 (1979)). "In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention." Roseman, 221 N.J. at 625 (quoting Bender, 80 N.J. at 93). "The extreme deference which a prosecutor's decision is entitled to in this context translates into a heavy burden which must be borne by a defendant when seeking to overcome a prosecutorial veto of his [or her] admission into PTI." State v. Kraft, 265 N.J. Super. 106, 112 (App. Div. 1993).

Applying these principles, we discern no patent or gross abuse of discretion in the prosecutor's denial of defendant's PTI application. Thus, there is no basis to disturb the trial court's decision sustaining the prosecutor's denial, a decision we review de novo. See State v. Denman, 449 N.J. Super. 369, 375-76 (App. Div. 2017). We reject defendant's argument that she "never received the required individualized assessment of her amenability to correction and rehabilitation." Although defendant certainly had a number of mitigating factors in her favor, all of which were considered by the prosecutor, the reasons for the

prosecutor's denial were premised on consideration of relevant factors, several of which weighed against her admission.

We also reject defendant's contention that her "hindering conduct was improperly treated as though she had committed a violent crime." The record clearly refutes such a contention. Equally unavailing is defendant's assertion that the prosecutor "arbitrarily and irrationally relied on the inapplicability of only one of the five alternate purposes of the PTI statute to reject [her] application." "Absent evidence to the contrary, it is [to be] presumed that the prosecutor considered all relevant factors before rendering a decision." State v. Dalglish, 86 N.J. 503, 509 (1981). Like the trial court, we conclude that defendant failed to clearly and convincingly establish that the prosecutor's decision went so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2106-17T1