**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0196-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

COREY O. REAVES,

    Defendant-Appellant.

_____

> Submitted November 29, 2018 – Decided March 4, 2019
>
> Before Judges O'Connor and Whipple.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-04-1253.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Tiffany M. Russo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Corey O. Reaves, appeals from an April 28, 2017 judgment of conviction after pleading guilty to one count of third-degree conspiracy to commit assault, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:12-1(b)(7), and receiving one year of probation. On appeal, defendant challenges the December 13, 2016 order denying his appeal of the State's rejection of his Pretrial Intervention program (PTI) application. We reverse the order denying defendant's PTI appeal and remand to the trial court and instruct the prosecutor to consider defendant's PTI application anew.

We discern the following facts from the record. On September 9, 2015, two cab drivers were parked in a parking lot when four high-school-aged males and three females approached their cabs. One male began writing on the window of one of the cabs with black marker. When the cab driver stepped out of his cab to stop the male, another male punched him in the face with brass knuckles. The second cab driver exited his cab to assist but was met by a punch to the head from another male. During the struggle, the second cab driver was able to grab onto and remove an assailant's backpack. The first cab driver suffered a fractured eye socket and jaw, which required facial reconstruction surgery. The second cab driver went to a police station and provided a physical description of the assailants. The only description the first cab driver could provide was

that one assailant was wearing brass knuckles. No brass knuckles were ever found.

Police searched the backpack and found the name "N. Benjamin" written on notebooks and files. Police identified N. Benjamin but he fled the country before charges were filed. Security footage showed the group entering and exiting the parking lot but does not show the assault. Based on the physical description of the assailants and the video, police focused on defendant and N.M., a juvenile, as suspects. Police showed the video to defendant's mother, who identified her son in the group. Based on this evidence, the prosecutor believed defendant was the assailant with the brass knuckles who struck the first cab driver.

Defendant turned himself in after learning he was a suspect. He was later charged with one count of second-degree aggravated assault, N.J.S.A. 2C:5-2(a)(1), one count of second-degree conspiracy to commit assault, N.J.S.A. 2C:12-1(b)(1), one count of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d), and one count of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d).

A-0196-17T2

Defendant applied to the PTI program. Pursuant to Rule 3:28, defendants charged with violent crimes are presumptively ineligible for PTI.[1] For this reason, and the fact defendant had two juvenile charges, one of which was dismissed, the program manager denied defendant's application. The prosecutor agreed and, pursuant to N.J.S.A. 2C:43-12(e), found factors one, two, four, seven, nine, ten, fourteen, and seventeen to be relevant. The prosecutor described defendant as the primary assailant, saying "Defendant wrote graffiti, on . . . the rear of the victim's taxi cab," and "defendant viciously attacked the innocent and defenseless victim with a pair of brass knuckles." Defendant, the prosecutor explained, presented a substantial danger to the public because he is "exceedingly violent" and, considering his juvenile adjudication, this was the second time he was charged with a violent offense within two years.

Alternatively, the prosecutor considered mitigating factors three, eight, thirteen, and sixteen to be relevant. The prosecutor mentioned defendant's age,

---

[1] Effective July 1, 2018, the former Rule 3:28, which contained several guidelines for PTI assessments, was revised and replaced by Rules 3:28-1 to -10. The new rules more closely track the statutory factors and case law. However, because defendant's PTI assessment was made on September 29, 2016, the former version of the rules apply. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 473 n.4 (2018) (applying "version of Rule 3:28 and the accompanying Guidelines and Comments that governed when [the defendant] was admitted to PTI").

A-0196-17T2

that he does not pay child support, the fact he did not graduate from high school or obtain a GED, his admission he smoked marijuana daily, and his "sporadic and limited" employment history as mitigating factors. Additionally, the fact defendant completed probation for his juvenile offense but still committed the assault shows he was not deterred by such punishment.

Defendant appealed to the trial court and admitted he had been present and assisted the group flee from the scene. The prosecutor reiterated many of the same arguments of why the denial was justified. However, the prosecutor abandoned the contention defendant was the assailant with the brass knuckles. Rather, the prosecutor relied on the fact defendant admitted he was present for the assaults as justification for denial of his PTI application. The trial court declined to overturn the prosecutor's decision, citing the substantial deference afforded to prosecutors' disposition of PTI applications.

Defendant pled guilty to one count of conspiracy to commit assault. At defendant's sentencing, the judge explained defendant pled guilty to "basically an aiding and abetting" charge and not "an accomplice or accessory theory" because "[t]here's no indication nor acknowledgment that Mr. Reaves actually physically hit anybody." Defendant was sentenced to one year of probation and

5

his judgment of conviction was modified to reflect he spent 140 days in jail. This appeal followed.

On appeal defendant argues the following:

Point I

THE TRIAL COURT ERRED IN FINDING THAT THE STATE'S DENIAL OF DEFENDANT'S APPLICATION FOR PRE-TRIAL INTERVENTION WAS NOT A PATENT AND GROSS ABUSE OF DISCRETION.

A.    Considered Factors

Factors One, Two, Nine, and Ten

Factors Seven, Fourteen, and Seventeen

B.    Applicable, But Ignored Factors

Factors Five, Six, and Eleven

C.    Improperly Considered Factors

Having reviewed the record, we agree with defendant and reverse and remand to the prosecutor for reconsideration of defendant's PTI application. Both the statute governing admission into PTI and case law afford substantial deference to the prosecutor's disposition of a PTI application. The prosecutor is often in the best position to decide whether a defendant is an appropriate candidate for PTI; however, this authority is not unassailable. We are obliged

to identify when a prosecutor presents arbitrary justifications or relies on impermissible factors to deny a PTI application. This check is necessary to ensure applicants to the PTI program receive an honest and individualized assessment of their amenability to rehabilitation.

We note defendant was eighteen when first arrested and on track to obtain a high school diploma. However, because he could not make bail, he could not complete his senior year. Defendant was nineteen when released from jail but was unable to re-enroll in his former high school because he was too old. In his letter to the prosecutor, he indicated a willingness to complete a GED.

This was defendant's first adult offense. In 2012, when he was a juvenile, an obstruction of the administration of justice charge against him was dropped. In 2014, defendant was adjudicated delinquent after committing a robbery and was sentenced to one year of probation.

Defendant has one child and was never ordered to pay child support. Defendant was raised by and lived with his mother. He moved frequently and attended five schools after eighth grade. At age fifteen, defendant resumed a relationship with his father upon his father's release from prison.

Prior to his arrest, defendant worked at a grocery store and with his father in a landscaping and lumber business. Defendant lost his job at the grocery store

due to tardiness. After his release from jail, he obtained employment providing transportation assistance to disabled persons. Defendant admitted he smoked marijuana.

Admission into PTI requires recommendation by the program manager and acceptance by the prosecutor. N.J.S.A. 2C:43-12(e). Both the program manager and prosecutor "shall consider" the following factors in rendering an admission decision:

> (1) The nature of the offense;
>
> (2) The facts of the case;
>
> (3) The motivation and age of the defendant;
>
> (4) The desire of the complainant or victim to forego prosecution;
>
> (5) The existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment;
>
> (6) The likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through his participation in supervisory treatment;

(7) The needs and interests of the victim and society;

(8) The extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior;

(9) The applicant's record of criminal and penal violations and the extent to which he may present a substantial danger to others;

(10) Whether or not the crime is of an assaultive or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior;

(11) Consideration of whether or not prosecution would exacerbate the social problem that led to the applicant's criminal act;

(12) The history of the use of physical violence towards others;

(13) Any involvement of the applicant with organized crime;

(14) Whether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution;

(15) Whether or not the applicant's involvement with other people in the crime charged or in other crime is such that the interest of the State would be best served by processing his case through traditional criminal justice system procedures;

A-0196-17T2

(16) Whether or not the applicant's participation in pretrial intervention will adversely affect the prosecution of codefendants; and

(17) Whether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program.

[Ibid.]

Guideline 3(i)(2) provides defendants accused of violent crimes are presumptively ineligible for PTI. R. 3:28. Defendants can overcome this presumption by showing "something extraordinary or unusual, something 'idiosyncratic,' in his or her background." State v. Nwobu, 139 N.J. 236, 252 (1995) (quoting State v. Jabbour, 118 N.J. 1, 7 (1990)).

A PTI determination requires an "individualized assessment of the defendant considering his or her 'amenability to correction' and potential 'responsiveness to rehabilitation.'" State v. Roseman, 221 N.J. 611, 621-22 (2015) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)). A defendant denied access to PTI can appeal the decision to the trial judge, but the prosecutor's decision "is entitled to a great deal of deference." Id. at 624. Our scope of review is "severely limited" and "designed to address 'only the most egregious examples of injustice and unfairness.'" State v. Denman, 449 N.J. Super. 369, 376 (App. Div. 2017) (quoting State v. Negran, 178 N.J. 73, 82 (2003)).

10

"Although we rarely overturn the rejection of a PTI application, the prosecutor's discretion is not unlimited." Ibid.

Our Supreme Court has said prior dismissed charges unsupported by undisputed facts in the record should not factor into the PTI decision. State v. K.S., 220 N.J. 190, 199 (2015). Here, both the program manager and prosecutor specifically mentioned defendant's dismissed juvenile charge as indicative of his lack of amenability to rehabilitation. The State argues the prosecutor did not rely upon the dismissed charges to render a decision. However, the prosecutor's recitation of defendant's criminal record states, "[t]he current offense constitutes the defendant's third interaction with the criminal justice [sic]." Pursuant to K.S., consideration of a prior dismissed charge "for any purpose" without substantiation is improper. Ibid. ("[W]e hold that when no such undisputed facts exist or findings are made, prior dismissed charges may not be considered for any purpose.").

Our review of the reasons underlying the prosecutor's initial decision and subsequent justifications leave us convinced the prosecutor described defendant's character in a way to fit the crimes charged, rather than consider whether he was amenable to rehabilitation. Thus, for the reasons that follow,

defendant was deprived of an individualistic assessment amounting in an abuse of discretion.

The prosecutor used factors one, two, seven, nine, and ten to describe defendant as the principal assailant with the brass knuckles. But, upon appeal to the trial court, the prosecutor described defendant as merely present and complicit in the assaults. Of course, "[a] prosecutor is certainly free to disbelieve statements presented by defense witnesses and to instead credit the anticipated contrary testimony of the State's witnesses." State v. Lee, 437 N.J. Super. 555, 568 (App. Div. 2014). "Moreover, the prosecutor's decision to deny PTI cannot be invalidated by subsequent events [such as a guilty plea] . . . ." Id. at 569. However, a prosecutor is not entitled to base a PTI decision on disputed facts. See, e.g., State v. Ridgway, 208 N.J. Super. 118, 127 (Super. Ct. Law Div. 1985) (trial court overturned a prosecutor's denial of PTI in part because the prosecutor treated a police investigation as conclusive and unilaterally resolved factual disputes). Here, the State changed the theory of its case, particularly because the State's first recitation of its alleged facts depicted defendant as a violent criminal and served as the basis to deny PTI. This shows the prosecutor considered defendant ineligible for PTI no matter his role in the assault. Treating defendants as per se ineligible based on the crime charged,

without consideration of individual circumstances, is improper. See, e.g., State v. Baynes, 148 N.J. 434, 445 (1997). Rather, every defendant is eligible for PTI and is entitled to an individualized assessment of their application.

The State argues it considered factors three, eight, thirteen, and sixteen as mitigating ones, but it is difficult to discern how application of those factors actually worked in favor of defendant's admission. The State describes defendant as a violent offender who never finished high school or obtained a GED, does not have custody of his child, fails to pay child support, cannot hold a steady job, and smokes marijuana every day. But, described in accordance with the facts, defendant could not finish high school because he spent his senior year in jail unable to make bail, enrolled in a GED program, shared custody with his child's mother, was never ordered to pay child support, held various jobs as a teenager, and could have benefited from drug counseling.

Accordingly, the order rejecting defendant's PTI appeal is reversed, and the matter is remanded for further proceedings. The prosecutor must consider defendant's PTI application ab initio.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-0196-17T2