**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2429-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RUSSELL E. OLEXA,

    Defendant-Appellant.

_____

Submitted October 9, 2025 – Decided December 11, 2025

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 19-07-1833.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Brian P. Keenan, Assistant Deputy Public Defender, of counsel and on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Maura Murphy Sullivan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Russell E. Olexa appeals from the March 14, 2024 Law Division order denying his motion for admission into the pre-trial intervention (PTI) program following his rejection by the Camden County Prosecutor's Office (CCPO). We affirm.

I.

The facts underlying defendant's conviction are detailed at length in our prior unpublished opinions and we do not repeat them here. State v. Olexa, Docket No. A-0361-21 (App. Div. Oct. 3, 2022). We summarize the relevant factual and procedural history.

On May 30, 2019, defendant, a Pennsylvania resident, was found asleep on the steps of a school in Winslow Township. One of the officers woke him up and asked: "Do you have anything I need to know about?" Defendant responded "yes," and told the officers he had a firearm in his backpack. The officers then searched defendant's backpack and found a loaded Rock Island .45 handgun in a closed firearm case in his backpack. However, he did not have a permit to carry his handgun in Pennsylvania.

Defendant was indicted on a single count of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1). This weapons offense has a presumption of incarceration and a mandatory minimum period of parole

ineligibility, under Rule 3:28-1(d)(1), which rendered defendant presumptively ineligible for PTI without the State's consent to consideration of his PTI application.

Thereafter, defendant applied for admission into the Camden County PTI program. In support of his application, defendant submitted a letter highlighting his exemplary record as a military veteran, his lack of a prior criminal record, and his lawful purchase of the handgun in his home state.

The CCPO rejected defendant's PTI application based on Rule 3:28-1(d). It found defendant failed to include a statement of the extraordinary and compelling circumstances, as required by Rule 3:28-3(b)(1), to justify consideration of his application. Instead, defendant's letter focused on his military service and the purchase of a handgun. However, he did not submit any evidence of possessing a carry permit.

Defendant timely appealed to the Law Division challenging the denial of his application. In a June 17, 2021 order, the trial court denied defendant's appeal, finding defendant failed to present extraordinary and compelling circumstances as required under the Rule and also did not produce a concealed carry permit to warrant consideration of the 2014 Attorney General Clarification.

Pursuant to a negotiated plea, on July 30, 2021, defendant pleaded guilty to the amended charge of fourth-degree unlawful transport of a handgun, N.J.S.A. 2C:39-9(d). Defendant was sentenced to a three-year term of probation on September 7, 2021.

Defendant appealed from the trial court's June 17, 2021 order denying his appeal of the CCPO's rejection of his PTI application. We reversed and remanded for the CCPO to reconsider defendant's PTI application based upon "its failure to consider the application in accordance with Rules 3:28-1 to -10 and N.J.S.A. 2C:43-12(e)." Olexa, slip op. at 14.

In accordance with our remand order, the CCPO reconsidered defendant's application by analyzing the statutory factors. The CCPO provided a detailed analysis of the statutory factors and determined six factors weighed against defendant's admission to the PTI program: second-degree charge carried the presumption of ineligibility (factor one), the lack of a carry permit in his home state and the lack of a carry permit for a loaded handgun in New Jersey (factor two), the absence of personal problems and character traits that may be related to his conviction (factor five), the needs of society to curb and deter the unlawful possession of handguns (factor seven), prosecution would not exacerbate a social problem that led to defendant's criminal act (factor eleven), and the public

A-2429-23

need for prosecution for the unlawful possession of a handgun outweighs the value of supervisory treatment (factor fourteen).

The CCPO also determined nine factors weighed in favor of admission. It did not weigh factor thirteen—any involvement of the applicant with organized crime—against defendant's admission and found factor four—the desire of the complainant or victim to forego prosecution—was inapplicable. The CCPO ultimately determined defendant was not an appropriate candidate for the program.

Defendant again appealed the CCPO's denial of his PTI application to the Law Division. In a March 14, 2024 order, the trial court denied defendant's PTI appeal. Guided by the deferential standard, the court explained the CCPO weighed "heavily" defendant's lack of a concealed carry permit for a loaded handgun, which was part of the Attorney General's guidelines, the CCPO's substantial interest in regulating firearms possession, and the danger a loaded firearm potentially posed to the public. The court ruled defendant failed to demonstrate by clear and convincing evidence the CCPO's analysis and, ultimately the rejection of his application, was a patent and gross abuse of discretion.

5

II.

Defendant appeals the rejection of his application, raising the following arguments in his brief:

POINT ONE

THE PROSECUTOR'S REJECTION OF DEFENDANT'S ADMISSION INTO THE [PTI] PROGRAM WAS AN ARBITRARY, PATENT, AND GROSS ABUSE OF DISCRETION WHICH MUST BE CORRECTED BY THIS COURT.

A. [Defendant] Presented Extraordinary and Compelling Circumstances Both in the Facts Surrounding the Offense and in His Background that Amply Overcame the Presumption of Ineligibility.

B. The Prosecutor's Single-Minded Focus on the Nature of the Offense Amounts to a Per Se Ban for Those Charged with Possessory Gun Offenses and Deprived [Defendant] of an Individualized Assessment of his Suitability for PTI.

C. The Prosecutor's Findings Regarding Factors [Four], [Five], and [Eleven] Were Clear Errors of Judgment.

D. [Defendant] is an Ideal Candidate for PTI as His Prosecution Subverts the Goals of the Program.

We apply the same standard of review as the trial court and review its decision of an appeal of the CCPO's decision to deny defendant's PTI application de novo. State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015). Accordingly, our review of a PTI rejection "is severely limited" and "serves to

6

check only the 'most egregious examples of injustice and unfairness.'" State v.

Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 384

(1977)); see also State v. Denman, 449 N.J. Super. 369, 376 (App. Div. 2017).

"'PTI is essentially an extension of the charging decision, . . . the decision

to grant or deny PTI is a "quintessentially prosecutorial function.""' State v.

Johnson, 238 N.J. 119, 128 (2019) (quoting State v. Roseman, 221 N.J. 611, 624

(2015)). "'As a result, the prosecutor's decision to accept or reject a defendant's

PTI application is entitled to a great deal of deference.'" Ibid. (quoting

Roseman, 221 N.J. at 624). "A court reviewing a prosecutor's decision to deny

PTI may overturn that decision only if the defendant 'clearly and convincingly'

establishes the decision was a 'patent and gross abuse of discretion.'" Id. at 128-

29 (quoting State v. Wallace, 146 N.J. 576, 583 (1996)).

To establish a patent and gross abuse of discretion concerning the denial

of a PTI application, a defendant must show the prosecutor's denial of their PTI

application: "'(a) was not premised upon a consideration of all relevant factors,

(b) was based upon a consideration of irrelevant or inappropriate factors, or (c)

amounted to a clear error in judgment.'" Roseman, 221 N.J. at 625 (quoting

State v. Bender, 80 N.J. 84, 93 (1979)). Defendant must further show the

prosecutor's denial will "clearly subvert the goals underlying [PTI]." Ibid.

(quoting Bender, 80 N.J. at 93). As a result, a "[d]efendant generally has a heavy burden when seeking to overcome a prosecutorial denial of [their] admission into PTI." State v. Watkins, 193 N.J. 507, 520 (2008).

On appeal, defendant reprises the arguments presented before the trial court. Essentially, he argues his PTI application demonstrated extraordinary and compelling circumstances—specifically the facts and his exemplary military service record—warranting consideration. Defendant further argues the CCPO's "flawed" evaluation of the factors, as well as its failure to conduct an individualized assessment of defendant's suitability for the program, undermined the goals of the PTI program.

Guided by the above principles, we affirm the trial court's ruling. Contrary to defendant's assertion, the CCPO considered and analyzed the enumerated factors and applied them to the facts of defendant's case, his military record, and the absence of a carry permit. We are also not persuaded by defendant's arguments the CCPO's findings as to factors four, five, and eleven constituted a clear error in judgment. Defendant has not satisfied his heavy burden of establishing the CCPO's denial of his PTI application was clearly and convincingly a patent and gross abuse of discretion, and thus defendant's circumstances do not warrant a diversionary disposition. Mindful of the strong

A-2429-23

judicial deference afforded to prosecutorial decisions regarding PTI, we discern no basis to disturb the CCPO's denial of defendant's application.

To the extent defendant's remaining arguments have not been addressed above, we have considered them and conclude they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirm.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

9                                                                    A-2429-23