**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2182-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FATOU DIABY,

     Defendant-Appellant.

_____

> Submitted January 20, 2026 – Decided January 29, 2026
>
> Before Judges Natali and Walcott-Henderson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 20-12-0899.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Mark Musella, Bergen County Prosecutor, attorney for respondent (Michael R. Philips, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Fatou Diaby appeals from the court's denial of her motion to overturn the County Prosecutor's rejection of her application for pretrial intervention ("PTI"). Because defendant has failed to establish by clear and convincing evidence that the PTI rejection was "a patent and gross abuse of discretion," State v. Leonardis, 73 N.J. 360, 381-82 (1977), we affirm.

Briefly stated, the record reflects that defendant, while driving her car, struck a motorcycle operated by the victim resulting in serious bodily injuries, including damage to his vertebrae, a fractured scapula, and nerve injuries that caused a loss of feeling in his right arm and shoulder. Instead of contacting the police, providing aid, or calling for emergency assistance, defendant left the scene and immediately brought her vehicle to a local car dealership who repaired the damage to her car caused by the accident.

Despite her attempts to avoid responsibility for the incident, defendant's red Honda Accord was identified by the victim and a witness who also provided a general description of defendant's appearance. According to the record before us, during the resulting investigation, the local police reviewed surveillance recordings in the area of the accident and observed only two vehicles that matched the description of the vehicle involved in the accident. The police also received information from a local Honda dealership that defendant dropped off

A-2182-23

her vehicle thirty-eight minutes after the crash was reported. Officers received and reviewed photographs of defendant's damaged vehicle which were consistent with the damage caused by the accident as reported by the victim and witness.

The police then contacted defendant who initially denied any involvement in the accident or that she owned a red Honda. She subsequently turned herself in at the local police department, where she was read her Miranda[1] rights and provided an inculpatory statement in which she acknowledged she was, in fact, the driver of the vehicle that struck and injured the victim, that she left the scene, and drove the vehicle to the Honda dealership in Paramus directly after the crash where it was repaired.

Defendant was indicted and charged with third-degree leaving the scene of a motor vehicle accident, N.J.S.A. 2C:12-1.1; third-degree endangering an innocent victim, N.J.S.A. 2C:12-1.2; and fourth-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b)(1). She filed a PTI application with the vicinage's Criminal Division manager who recommended against defendant's admission into PTI.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-2182-23

The manager reviewed the police reports and investigatory materials and noted the circumstances of the offense, including defendant's repeated misrepresentations to the police, and ultimately concluded that "early rehabilitative services and the supervision offered by the PTI Program would not best serve the interests of the State of New Jersey." The manager further maintained that the "PTI Program is designed for offenders involved in 'victimless crimes'" and "[a]ccording to the report . . . the defendant not only left the scene of an accident that caused serious bodily injury, but she then drove directly to a dealership to cover up the damage." The manager also noted that "the victim sustained injuries to his spine, right shoulder, right arm, and head [and] [b]ased on the facts of this case this offense can hardly be considered a victimless crime."

The Bergen County Prosecutor's Office also rejected defendant's PTI application and issued a May 15, 2023 letter comprehensively detailing the reasons for its discretionary decision. The prosecutor first maintained that defendant's application was untimely having been filed after the initial case disposition conference but nevertheless considered the merits of defendant's application and concluded factors one, two, three, four, seven, ten, eleven,

4

fourteen, and seventeen of N.J.S.A. 2C:43-12(e) weighed against defendant's admission.[2]

---

[2] The seventeen factors include:

(1) The nature of the offense;
(2) The facts of the case;
(3) The motivation and age of the defendant;
(4) The desire of the complainant or victim to forego prosecution;
(5) The existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment;
(6) The likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through his participation in supervisory treatment;
(7) The needs and interests of the victim and society;
(8) The extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior;
(9) The applicant's record of criminal and penal violations and the extent to which he may present a substantial danger to others;
(10) Whether or not the crime is of an assaultive or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior;
(11) Consideration of whether or not prosecution would exacerbate the social problem that led to the applicant's criminal act;
(12) The history of the use of physical violence toward others;

5

With respect to factors one and two, the prosecutor explained that in light of the facts of the case and the nature of the offenses, the State was "strongly opposed to defendant's entry to PTI." The prosecutor noted, "while no crime is inapposite to PTI," she characterized defendant's conduct as "extremely serious" because it involved her leaving an "injured victim lying in the road after striking his motorcycle with her car." The prosecutor also stressed that defendant "then fixed the damage to her car and lied to the police," and for those reasons, "she should not be granted the benefit of PTI."

(13) Any involvement of the applicant with organized crime;
(14) Whether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution;
(15) Whether or not the applicant's involvement with other people in the crime charged or in other crime is such that the interest of the State would be best served by processing his case through traditional criminal justice system procedures;
(16) Whether or not the applicant's participation in pretrial intervention will adversely affect the prosecution of codefendants; and
(17) Whether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program.

[N.J.S.A. 2C:43-12(e).]

The prosecutor also considered defendant's age under factor three, as well as her position that she fled the scene because she panicked and suffers from anxiety and that she was told by "someone" on the scene "[i]f I was you, I'd just go." The prosecutor stressed, however, that defendant untruthfully stated to the police that she did not fix the car immediately following the collision and failed "to take full responsibility for her crime, as evidenced by fleeing the scene, giving false statements to police, and quickly repairing the car," thereby "negat[ing] a finding that she would be responsive to correction and rehabilitation."

With respect to the fourth factor, the prosecutor noted representatives on behalf of the State spoke with the victim multiple times, "explained the difference between the [PTI] program and traditional probation" and the victim stated he preferred a disposition of "traditional probation, [] coupled with community service, therapy[,] and a driver's safety course." The prosecutor accordingly stated it opposed PTI based on the victim's position and "also on the serious injuries [the victim] sustained when defendant struck him with her car."

In addition, the prosecutor relied on factors seven and seventeen. She noted leaving the scene of an accident-causing injury is a serious charge, having been revised by the Legislature in 2007 to a third-degree offense. The

7

prosecutor also maintained that pursuant to factor ten, hitting an unsuspecting motorcyclist resulting in serious bodily injury and leaving the scene was akin to a crime that was assaultive in nature. The prosecutor also considered factor eleven and determined a traditional prosecution would not exacerbate any societal problem that led to defendant's criminal conduct.

The prosecutor concluded factor fourteen militated against admitting defendant to PTI. She explained there was a clear need to deter the type of behavior to which defendant engaged and explained having considered defendant's conduct and the totality of the circumstances, it was "clear that society's interests demand a traditional prosecution." The prosecutor concluded that based on the facts of this matter, a "driver . . . [that] strikes a motorcyclist, leaves the scene, repairs the car, and is untruthful to police[,] presents a danger to society at large, and should not be granted the opportunity of PTI."

The prosecutor also addressed factors five and six and determined she was unable to consider these factors in support of PTI because defendant failed to provide any evidence or argument that the crime was related "to a condition or situation that would be conducive to change through [her] participation in supervisory treatment." The prosecutor also considered factor eight and found that nothing in the record indicated a continuing pattern of anti-social behavior.

A-2182-23

The prosecutor additionally considered factors twelve and thirteen and acknowledged that defendant had neither a history of violence nor ties to organized crime. Finally, the prosecutor considered factors fifteen and sixteen and correctly noted that defendant's crime did not involve any co-defendants. After considering all the statutory factors, along with the circumstances of the crime and events after the incident, the prosecutor determined the program director properly denied defendant's PTI application.

Defendant filed a timely appeal of the prosecutor's rejection to the Law Division. After considering the parties' oral arguments and written submissions, Judge James X. Sattely issued a comprehensive nineteen-page decision denying defendant's application.

In his opinion, the judge exhaustively analyzed all the statutory factors and concluded defendant had not met her burden of demonstrating a "gross and patent abuse of discretion." Leonardis, 73 N.J. at 381-82. Judge Sattely specifically found that the "relevant factors upon which the State relied in its denial of [d]efendant's entry into PTI were clearly outlined in the prosecutor's May 15, 2023 letter," in which she "set forth the pertinent facts for each statutory factor . . . and addresse[d] and concede[d] several factors that are either not applicable or weigh in [d]efendant's favor." The court also found that contrary

9

to defendant's arguments, the prosecutor's letter contained robust factual support for each factor enumerated under N.J.S.A. 2C:43-12(e), and there was "no evidence . . . that the State failed to consider all relevant factors before making its decision to deny [d]efendant entry into PTI."

Defendant later pled guilty to two motor vehicle summonses and one count of third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2, in exchange for the dismissal of the remaining charges and recommendation of non-custodial probation. The court thereafter sentenced her to a two-year probationary term, conditioned upon 100 hours of community service and assessed applicable penalties consistent with the plea agreement.

On appeal, defendant raises the following point for our consideration:

> POINT I:
>
> THE PROSECUTOR'S DENIAL OF PTI WAS A PATENT AND GROSS ABUSE OF DISCRETION; ACCORDINGLY, THE MATTER SHOULD BE REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS TO ADMIT DEFENDANT INTO PTI OVER THE PROSECUTOR'S OBJECTION.

Defendant argues the prosecutor's denial of PTI was a patent and gross abuse of discretion. Specifically, she argues the State failed to consider all the pertinent factors and did not assign proper weight to the factors considered. Furthermore, she contends that our typical deference is not appropriate here

A-2182-23

because the prosecutor relied on improper considerations. Defendant argues that the prosecutor's decision to deny her admission into PTI was so wide of the mark that fundamental fairness requires judicial intervention, and the allegedly improper considerations clearly subvert the goals underlying PTI.

Defendant claims that factors one and two are at worst neutral, and challenges the State's analysis with respect to her motivation and age under factor three, arguing the prosecutor merely noted her age as opposed to explaining why her youth was a relevant consideration. With respect to factor four, she maintains the victim did not understand the difference between PTI and traditional probation and the State improperly assigned heavy weight to this factor. Defendant further contends factors five and six weigh in favor of PTI because traditional prosecution is clearly unwarranted.

Next, she argues the State reached its decision under factors seven and seventeen based on irrelevant or inappropriate considerations. She asserts that even though the Legislature amended the relevant statute twice to make it more punitive, even defendants charged with first-degree crimes can be admitted to PTI after establishing compelling reasons for admission, and third- and fourth-degree offenses are the least serious crimes under the Code. Defendant argues the State's observation that leaving the scene of an accident is often caused by

A-2182-23

reckless driving or substance abuse is an example of the prosecutor having reached a decision "based on irrelevant or inappropriate factors."

Defendant also maintains the State incorrectly concluded factors eight and nine were not applicable because criminal defendants with unblemished records, like defendant's, are rare and are appropriate candidates for PTI. She further maintains the State incorrectly analyzed factor ten because her actions in leaving the scene of the accident were neither assaultive nor violent.

Defendant argues the State's findings under factors eleven, twelve, and thirteen are inapplicable and specifically maintains factor eleven is neutral because there is no evidence that traditional prosecution would exacerbate the social problem leading to the crime. In sum, she argues that a fair assessment of the PTI factors overwhelmingly favors her admission into PTI and the State's opposite conclusion is a patent and gross abuse of discretion.

We have fully considered defendant's arguments and conclude they lack merit and affirm substantially for the reasons detailed in Judge Sattely's comprehensive and well-reasoned written decision. We provide the following brief comments to amplify our decision.

Appellate review of a prosecutor's decision to deny an applicant's entry into PTI is limited. Leonardis, 73 N.J. 360 at 381 (instructing that "great

deference should be given to the prosecutor's determination not to consent to diversion").  Judicial reversal of the prosecutor's decision is limited to the "most egregious examples of injustice and unfairness." State v. Negran, 178 N.J. 73, 82 (2003) (quoting Leonardis, 73 N.J. at 384).  Even if a court regards a prosecutor's rejection as harsh, this court "does not have the authority in PTI matters to substitute [its own] discretion for that of the prosecutor."  State v. Waters, 439 N.J. Super. 215, 237 (App. Div. 2015) (quoting State v. Nwobu, 139 N.J. 236, 253 (1995)).

To overcome a prosecutorial rejection of PTI, the defendant has the burden to establish "clearly and convincingly" that the prosecutor's refusal of the defendant's entry into PTI was based on a "patent and gross abuse of discretion by the prosecutor."  Leonardis, 73 N.J. at 381-82.  To demonstrate such an abuse of discretion, the defendant must show the denial:  "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error of judgment." State v. Denman, 449 N.J. Super. 369, 377 (App. Div. 2017) (quoting State v. Roseman, 221 N.J. 611, 625 (2015)).

A clear error of judgment is a high bar and only occurs when the prosecutor's application of the PTI factors to the facts is "clearly unreasonable

so as to shock the judicial conscience," and thus "could not have reasonably been made upon a weighing of the relevant factors." State v. Roth, 95 N.J. 334, 365-66 (1984).

Applying these standards, it is clear that defendant has not met her burden to invalidate the prosecutor's PTI rejection. For the reasons detailed in the prosecutor's May 15 letter, and Judge Sattely's written opinion, the relevant factors, on the whole, strongly weigh against defendant's admission into PTI.

We note that defendant's arguments, in large part, amount to mere quarrels with the prosecutor's decision and in certain cases, misstate the fundamental bases for the State's position. By way of example only, the prosecutor, when discussing factors seven and seventeen, commented briefly on the legislative history of N.J.S.A. 2C:12-1.1 and noted that that leaving the scene of an accident "oftentimes [is] related to reckless driving or substance abuse." At no point did the prosecutor state, or even suggest, those circumstances existed in defendant's case sufficient to warrant application of either factor or that they formed the basis of her decision to deny PTI.

Instead, the prosecutor's decision was based on the uncontroverted facts in the record as admitted by defendant at her plea proceeding that she admitted she struck the victim with her car, and despite her knowledge that he was injured

A-2182-23

and unable to care for himself, nevertheless left the scene of the accident. The record also supports the finding that defendant attempted to conceal the crime and also initially lied to authorities. The items of mitigation proffered by defendant, and challenges to the prosecutor's consideration and analysis of the relevant factors, fall short of satisfying her heavy burden. No patent and gross abuse of discretion has been shown.

To the extent they have not been addressed above, we have considered defendant's remaining arguments and conclude they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hartley

Clerk of the Appellate Division

15

A-2182-23