# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3333-24

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

WILLIAM W. SHALLCROSS,

    Defendant-Respondent.

_____

> Submitted January 6, 2026 – Decided February 3, 2026
>
> Before Judges Sumners and Susswein.
>
> On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 25-01-0011.
>
> Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for appellant (James E. Moore, Assistant Prosecutor, of counsel and on the brief).
>
> Zeller & Wieliczko, LLP, attorneys for respondent (Dean R. Wittman, on the brief).

PER CURIAM

The State of New Jersey appeals the trial court's order reversing the Cape May County Prosecutor's Office's denial of defendant William W. Shallcross' admission into the Pretrial Intervention Program (PTI). The State denied the application because defendant rejected the condition that his admission required forfeiting public employment. We affirm the court's order substantially for the reasons set forth in its memorandum of decision that the State's condition that defendant forfeit public employment to gain admission into PTI was a gross abuse of discretion and defendant should be admitted into PTI admission.

Defendant, a custodian with the Ocean City School District (School District), was indicted for third-degree theft of movable property, N.J.S.A. 2C:20-3(a), and third-degree theft by deception, N.J.S.A. 2C:20-4. The indictment included similar charges against two other School District custodians. The charges arose from their falsification of time sheets claiming overtime hours they did not work. In defendant's case, he received over $800 for hours he did not work.

Defendant applied for PTI, citing the following factual background. He was fifty-one years old and married with three children. He was employed by the School District for thirty-two years, including over ten years as a custodian, before being terminated for submitting false time sheets. Defendant had no prior

2

arrests, indictments, criminal convictions, or any offenses for disorderly persons, driving under the influence, or domestic violence. He is a certified Emergency Medical Technician (EMT), employed by Egg Harbor Township for the nine months preceding his application. Defendant admitted altering his time sheets to reflect hours he did not actually work. He claimed this was consistent with the School District's practice as evidenced by his labor union's collective bargaining agreement with the School District stating:

> Any employee called to return to work at any time other than his regular scheduled shift, shall be paid a minimum of two (2) hours overtime calculated at a rate of time and one half, except between the hours of 12 a.m. to 3 a.m. in which case a minimum of four (4) hours of overtime shall be at the rate of time and one half.

Defendant maintained that his supervisor initially approved his time sheets but retracted authorization.

The Cape May County Probation Department determined defendant was an "excellent candidate for enrollment into PTI" based upon his background, "the nature of the offense, and [his] cooperative demeanor throughout the PTI process." It recommended that defendant be enrolled in PTI for six months, pay fines and $809.46 in restitution, and comply with standard PTI conditions. The

State agreed to defendant's admission into PTI but required permanent forfeiture of public employment, knowing that Egg Harbor Township employed him.

Defendant, believing he could not support his family without his EMT position, rejected the public employment forfeiture condition. The State remained adamant that defendant permanently forfeit all public employment. The State's two-page PTI denial letter asserted that, after considering defendant's PTI application, the offenses, and the probation department's recommendation, public employment forfeiture was necessary for admission. It concluded:

> The Prosecutor's Office does not take lightly the collateral consequences of forfeiture. However, where a defendant has violated the public's trust, and refuses to agree to a consequence that is both proportionate and legally supported, the rehabilitative goals of PTI cannot be achieved. The public has a right to expect that individuals who commit fraud against public schools will not continue to serve in those very institutions.

Consequently, defendant moved before the trial court to compel entry into PTI. After considering the parties' written submissions and oral argument, the court issued an order and ten-page memorandum of decision admitting defendant into PTI without him having to forfeit public employment. The court reasoned that the State erred by relying on an inapplicable public-trust presumption in requiring defendant to forfeit public employment to gain PTI admission. The court further found that in analyzing the State's denial letter, the

4

State essentially considered only two of the seventeen factors required under N.J.S.A. 2C:43-12(e) to determine a defendant's admission into PTI. According to the court, the State's limited consideration of factor one, the "nature of the offense" and factor two, the "facts of the case," "[gave] a disproportionate amount of weight to [those] factors . . . , clearly subvert[ing] the underlying goals of PTI and constitut[ing] a clear error in legal judgment." Thus, the "court [found] that . . . defendant has proven, by clear and convincing evidence, that the State's decision was a patent and gross abuse of discretion."[1] The State appealed.

To resolve the State's challenge to the court's order, we look to the following principles. "PTI 'is a diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Gomes, 253 N.J. 6, 16 (2023) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). "[T]he primary purpose of PTI has been 'to assist in the rehabilitation of worthy defendants, and, in the process, to spare them the rigors of the criminal justice system.'" Id. at 17 (quoting State v. Watkins, 193 N.J. 507, 513 (2008)). Admission of an

---

[1] The trial court's decision was stayed for fifteen days to allow the State to file an appeal to our court.

applicant into PTI shall be measured according to the applicant's amenability to correction, responsiveness to rehabilitation, and the nature of the offense. N.J.S.A. 2C:43-12(b)(1). As set forth in N.J.S.A. 2C:43-12 to -22 and Rule 3:28, admission into PTI requires a positive recommendation from the probation department and the consent of the prosecutor. See Nwobu, 139 N.J. at 246.

The State "may consider a wide array of factors when determining whether to recommend someone for PTI," including "'[t]he nature of the offense,' the motivations of the defendant, the desires of the victim or complainant with respect to prosecution, the social harm perpetrated by the defendant, and '[t]he extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior.'" Gomes, 253 N.J. at 17 (alterations in original) (quoting N.J.S.A. 2C:43- 12(e)). The prosecutor's assessment is to be guided by seventeen factors enumerated in N.J.S.A. 2C:43-12(e)(1)-(17).

Admission "into PTI has been treated as a fundamental prosecutorial function." Id. at 18. Accordingly, courts afford prosecutors "broad discretion" in determining whether a defendant should be admitted into PTI, "[f]irst, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options." State v. Chen, 465 N.J. Super. 274, 284 (App.

Div. 2020) (first quoting State v. K.S., 220 N.J. 190, 199 (2015); and then quoting Nwobu, 139 N.J. at 246). "Judicial review of a prosecutor's decision about PTI admission is 'available to check only the most egregious examples of injustice and unfairness.'" Gomes, 253 N.J. at 18 (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). "A court reviewing a prosecutor's decision to deny PTI may overturn that decision only if the defendant 'clearly and convincingly' establishes the decision was a 'patent and gross abuse of discretion.'" State v. Johnson, 238 N.J. 119, 128-29 (2019) (quoting State v. Wallace, 146 N.J. 576, 583 (1996)). "A patent and gross abuse of discretion is defined as a decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention.'" Watkins, 193 N.J. at 520 (quoting Wallace, 146 N.J. at 682-83).

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment . . . . In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.
>
> [State v. Roseman, 221 N.J. 611, 625 (2015) (omission in original) (quoting State v. Bender, 80 N.J. 84, 93 (1979)).]

7

In <u>State v. Mickens</u>, we succinctly described the task at hand:

> [T]he appellate court must distinguish between prosecutorial abuse consisting of the failure to consider all relevant factors specific to the individual candidate and prosecutorial abuse represented by a judgment reached after a full consideration. In the first instance, it is the obligation of the reviewing court to remand to the prosecutor for reconsideration. In the second instance, the reviewing court is free to conclude that the abuse "arises from a clear error of judgment," and, if it does so, it "may order that a defendant be admitted into the program."
>
> [236 N.J. Super. 272, 277-78 (App. Div. 1989) (quoting <u>State v. DeMarco</u>, 107 N.J. 562, 567 (1987)).]

Because "[i]ssues concerning the propriety of the prosecutor's consideration of a particular [PTI] factor are akin to 'questions of law,'" we review those legal determinations de novo. <u>State v. E.R.</u>, 471 N.J. Super. 234, 245 (App. Div. 2022) (alterations in original) (quoting <u>State v. Denman</u>, 449 N.J. Super. 369, 376 (App. Div. 2017)).

Based on these principles, we conclude the trial court was correct in allowing defendant's admission into PTI because defendant made a clear and convincing showing that the State's decision to condition his admission by forfeiting public employment was a gross abuse of discretion. We are unpersuaded by the State's argument that the trial court incorrectly found "that the State failed to carefully consider 'any individualized features that bear on

8

[[d]efendant's] amenability to rehabilitation.'" The State's denial letter fails to address the seventeen statutory and court rule factors for admitting a defendant into PTI. The State merely maintained that defendant must forfeit all future public employment because he committed a crime of dishonesty by falsifying his overtime time sheets in the course of his public employment. This limited focus underscores the punitive categorical nature of the State's requirement that defendant forfeit public employment.

The State's contention before the court that "the co-defendants have both agreed to a forfeiture of future public employment, . . . [which] defendant believes does not apply to him," reflects its failure to consider defendant's application based on his individual situation. The State apparently argues that because the co-defendants accepted the public employment forfeiture condition to be admitted into PTI, defendant should follow suit. On the contrary, defendant's admission into PTI must reflect his amenability to rehabilitation. See N.J.S.A. 2C:43-12(b)(1).

The State also contends that public employment forfeiture is necessary "given that all record of [d]efendant's criminality will be subject to expungement upon successful completion of PTI," which "creates a sort of legal fiction — it does not negate the offensive conduct that led to PTI, or remove the

[d]efendant's actual acts from history." This assertion is not supported by law and indeed undermines the policies that support expungement. Further, the prosecutor's categorical prerequisite ignores the significant mitigating circumstances in this case. No PTI admission criteria considers expungement of the charged offenses. That is the salutary benefit and philosophy that undergirds PTI; give a person a second chance without the cloud of a criminal conviction. And here, defendant's termination from the Ocean City School District after thirty-two years — which formed the basis of his criminal charges — remains a public record of his misconduct that cannot be erased and will follow him in all future employment aspirations. The State misapplication of the PTI statute and court rule constitutes legal error, demonstrating a gross abuse of discretion by the State in denying defendant's PTI admission.

We also find unconvincing the State's contention that requiring defendant's forfeiture of public employment "ensures the public interest is safeguarded during the period of PTI, regardless of the defendant's eventual performance in the program." It is unclear how defendant's forfeiture of public employment would safeguard the public interest because the State fails to articulate any facts or cogent reasons to support its contention. Again, the State's

unsound reasoning indicates a gross abuse of discretion in requiring defendant to forfeit his employment with Egg Harbor Township for PTI admission.

In sum, reversing the State's denial of defendant's PTI admission because he refused to forfeit all future public employment is not a substitute of our judgment for the State's. The State made no showing how the public forfeiture condition furthers the goals of PTI admission. The record evinces that the prosector did not have a legally valid reason to impose this condition. The prosector failed to consider all PTI factors in imposing the condition; it made no showing that the condition impacted defendant's amenability to correction or responsiveness to rehabilitation. We reiterate and emphasize that defendant has no criminal history or arrests, worked thirty-two years in the Ocean City School District without prior violations of the public's trust, and supports his family by serving the public as an EMT. In these circumstances, the State's refusal to admit defendant into PTI without the condition of forfeiting his public employment was clearly and convincingly a patent and gross abuse of discretion.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

11